335 P.2d 890

**HOLDERS MANUFACTURERS, INC.,**
**a Corporation, Plaintiff-Appellant,**

**v.**

**Joseph D. CUDD and William J. Cudd,**
**Defendants-Respondents**
**(two cases).**

**Nos. 8631, 8667.**

Supreme Court of Idaho.

Feb. 18, 1959.

Frank Langley, E. G. Elliott, Boise, for appellant.

Karl Jeppesen, Charles F. Reddoch, Boise, for respondents.

McQUADE, Justice.

We have here one action, but with two appeals. The first appeal is from an order dismissing contempt proceedings against the respondent Joseph D. Cudd. The second appeal is from a final judgment in favor of respondent Joseph D. Cudd; the trial court entered a judgment, after granting a motion for nonsuit at the close of appellant's case, in favor of defendant William J. Cudd.

At the time the action was filed, the appellant secured a temporary restraining order which was supported by a statutory undertaking. Thereafter, the court entered an order continuing the restraining order in full force and effect until the final determination of the cause. During the pendency of the action, affidavits were filed and an order to show cause in contempt was issued. Respondent filed a motion to dismiss the contempt citation. The court concluded that the order continuing the original restraining order during the pendency of the action was, in legal effect, an injunction pendente lite, and without any bond having been required or furnished, the order was void and ineffective as an

injunction, the original bond having served its purpose upon entry of the second order. The trial court further concluded that the second order would not support a contempt citation, and was set aside as being void.

 The bond given for the temporary restraining order recited that it was an undertaking for a restraining order under I.C. secs. 8–405 and 8–406. This recitation of the statutes is not of such clear intent as to hold the obligors to respond in costs or damages. The undertaking recites that it is for a restraining order, whereas the statutes relate to both restraining orders and injunctions. Unless an injunction is accompanied by an undertaking as set forth in the statutes, it is void. This Court has held in Rowland v. Kellogg Power & Water Co., 40 Idaho 216, 233 P. 869, 873:

"* * * While it may be conceded that it rests within the sound discretion of the trial court, where a temporary restraining order is issued, to direct that the temporary restraining order be continued in full force and effect as an injunction *pendente lite,* the bond given, conditioned upon the issuance of the temporary restraining order, cannot be so continued in force as to hold the obligors to respond in costs, damages, and reasonable attorney's fees, unless the bond, by reason of its terms and conditions, so provides. * * * *"

The undertaking was given for a restraining order and not for an injunction pendente lite. See Rowland v. Kellogg Power & Water Co., supra.

The judgment of the trial court is affirmed.

The second appeal, from a judgment in favor of the respondent Joseph D. Cudd, is upon the following facts:

In the forepart of the year 1955, the respondent was developing a plastic pants hanger. In July of that year, he succeeded in securing $300 from R. A. Nelson relative to the further refinement of the idea. Respondent had further meetings with R. A. Nelson, his brother, H. C. Nelson, and C. R. Bevercombe. These negotiations were merged in a written option agreement, granting R. A. Nelson, H. C. Nelson and C. R. Bevercombe a 60-day option to purchase from the respondent the right to manufacture, sell and distribute the pants hanger device, on which there was then pending an application for patent on behalf of the respondent. This agreement was later extended to April 1, 1956.

By terms of the option agreement, R. A. Nelson, H. C. Nelson and C. R. Bevercombe, among other covenants, agreed to organize a corporation for the manufacture and sale of the pants hanger, and agreed to raise $25,000 by sale of capital stock to themselves and others for the use of the

corporation in perfecting the hanger and placing it on the market. It was further agreed as to transfer of stock between the corporation and the respondent for the rights to manufacture and distribute the hanger in the United States and for a royalty interest of five cents per hanger to him. It was agreed that respondent would be a director of the corporation and general manager at a salary of $400 per month, and he was to be furnished an automobile.

The pants hanger needed further design and the necessary equipment and materials for its production. Respondent had also been working on a skirt hanger. He acquired by lease all rights to manufacture a fly box for fishermen and a knitting basket, these latter two items having been acquired while he was general manager of the corporation.

Respondent requested additional stock up to 51 per cent of that issued, and upon refusal thereof he terminated his employment.

Appellant by its complaint asked for an injunction against the respondent and William J. Cudd to prevent their transferring and delivering the patents and contemplated patents to the pants hanger, skirt hanger, knitting basket and fly box. By the complaint, the appellant also asks that the patents and contemplated patents be delivered to the appellant in accordance with respondents' agreement. In lieu of the rights to the items of controversy, the appellant requests a money judgment. From the judgment in favor of the respondent, the appellant has taken this appeal.

 In substance, the appellant assigns error to the trial court's findings of fact and the conclusions of law based thereon. With regard to the pants hanger, the appellant had a written agreement with the respondent. Instead of the right to manufacture and distribute according to the agreement, the appellant now desires to secure the patent rights. According to the plain terms of the instrument, the parties never contemplated a conveyance of the basic patent right, and this Court cannot now enter into a contract for the parties nor vary the plain terms of their covenants. Sorensen v. Larue, 43 Idaho 292, 252 P. 494; Ohms v. Church of the Nazarene, 64 Idaho 262, 130 P.2d 679; Durant v. Snyder, 65 Idaho 678, 151 P.2d 776; Brothers v. Arave, 67 Idaho 171, 174 P.2d 202.

 In relation to the other items—fly box, knitting basket and skirt hanger— the appellant predicates his recovery on the theory that a fiduciary relationship existed between respondent and appellant for the reason that Joseph D. Cudd was the general manager of the appellant. From the record there is no evidence on behalf of either party expressly setting forth the terms of the manager's employment. The terms of

employment urged by appellant are only its notion as to duties and obligations a manager need have toward the corporation, and not the terms agreed upon, either expressly or inpliedly. Unless there were express terms, or by the very nature of the employment, an employee is entitled to the fruits of his own ingenuity and inventiveness, as well as the acquisition of property rights.

> "In the absence of an agreement to devote his entire services to his employer, an employee may employ such time as is not required in the performance of his duty in such way as he may deem advantageous, provided it is not inconsistent with his contract or detrimental to his employer's interest or to the value of his services to his employer." 56 C.J.S. Master and Servant § 70, p. 481.

See also Stone v. Bancroft, 139 Cal. 78, 70 P. 1017, 72 P. 717; Rudebeck v. Pacific Copper Co., 160 Wash. 127, 294 P. 986.

> "In the absence of an agreement to the contrary, an employee under a general employment is vested with the ownership of his inventions." 56 C.J.S. Master and Servant § 73 a, p. 486.

■■ There is a conflict in the testimony concerning the terms of employment. This conflict was resolved in favor of the respondent by the trial court. The trial court made findings of fact and conclusions of law regarding conditions of employment, and such findings are amply supported by the evidence. There being sufficient, substantial, and competent evidence to support its findings, and the findings not being clearly against the weight of the evidence, the findings of the trial court are binding on this Court and will not be disturbed. Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Jensen Motor Sales v. Chandler, 77 Idaho 303, 291 P.2d 1116; Anselmo v. Beardmore, 70 Idaho 392, 219 P.2d 946; Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; In re Davenports' Estates, 79 Idaho 548, 323 P.2d 611.

The judgment of the trial court is affirmed.

Costs to respondents.

PORTER, C. J., and TAYLOR and SMITH, JJ., concur.

KEETON, C. J., sat at the hearing but retired prior to decision.