401 P.2d 805

**Lavelle T. ROESBERY, Plaintiff-Respondent,**

v.

**Joseph E. ROESBERY, Defendant-Appellant.**

No. 9595.

Supreme Court of Idaho.

May 3, 1965.

. Clemons, Skiles & Green, Boise, for respondent.

Gigray, Boyd & Downen, Caldwell, for appellant.

KNUDSON, Justice.

Respondent, Lavelle T. Roesbery, commenced this action against her ex-husband, appellant, Joseph E. Roesbery, alleging two causes of action, (1) appellant's breach of a property settlement agreement (hereinafter referred to as "agreement") entered into by the parties on September 5, 1959, at which time they were husband and wife; and (2) default on the part of appellant in the payment of a promissory note drawn payable to respondent dated April 24, 1963, in the principal sum of $600, due on October 30, 1963. Appellant was awarded a decree of divorce from respondent on April 1, 1960.

Appellant filed his answer denying any obligation to respondent and alleged five separate defenses to respondent's complaint. Appellant also filed his counterclaim seeking annulment of the property settlement agreement.

At a pretrial conference held March 25, 1964 the facts in this action were stipulated by the parties, which stipulation is contained in a pretrial order constituting a part of this record, to-wit:

"The following facts were stipulated and agreed to:

"That the parties to this action, formerly husband and wife, entered into a property settlement agreement on the 5th day of September, 1959 covering all of the community property of the parties. A true copy of the agreement is attached hereto as Exhibit 'A'.

"On February 25, 1960, the defendant filed an action for a divorce from the plaintiff, and on April 1, 1960 the defendant was awarded a decree of divorce from the plaintiff, a copy of which is attached hereto as Exhibit 'B'.

"Plaintiff in this action on January 11, 1963 brought an action against defendant to enforce the terms of the property settlement agreement. In settlement of this action the defendant paid to the plaintiff $450.00 in cash and gave his note to her for $600.00 due on October 30, 1963. This amount was for settlement of the amount due from the defendant to the

plaintiff in accordance with the property settlement agreement through the month of March, 1963.

"Since that time the defendant has failed to make the payments in the amount of $100.00 per month in accordance with the property settlement agreement and there is now due and owing on plaintiff's first cause of action the sum of $1,200.00 or 12 payments of $100.00 each.

"The plaintiff is the due holder of the note. No part of the note has been paid. The note provides for attorney fees in case of action to collect the note. The note is now due and payable with accrued interest."

As a part of said stipulation it was agreed that the only issue remaining to be decided by the trial court was whether paragraph 4 of the Property Settlement Agreement was legally enforceable under the stipulated facts. Said paragraph 4 provides:

"4. That by way of support and alimony, the Husband will pay unto the Wife commencing with the month of October, 1959, the sum of $150.00 per month and continue such payments through March of 1960. Beginning with April of 1960 and for twelve (12) months thereafter Husband shall pay unto the Wife the sum of $125.00 per month; beginning with April of 1961 the Husband shall pay unto the Wife the sum of $100.00 per month and continue such payments thereafter so long as the Wife may live or until she remarries, in the event the parties hereto become divorced. Said monthly payments shall be paid to the Wife in two equal installments, one of such payments shall be on or before the 10th of the month and the balance of the monthly payment on or before the 25th day of each month, commencing with October of 1959."

It was further agreed that no evidence would be offered by either party in addition to the facts as stipulated.

The matter was submitted to the trial court pursuant to said stipulation and under date of June 9, 1964, judgment was entered in favor of respondent for all sums prayed for. This appeal is from said judgment.

Under the only assignment of error specified appellant contends that "the trial court erred in finding and concluding that the property settlement agreement of the parties, or paragraphs 4 and 5 thereof, was not merged in the Decree of Divorce between the parties, said findings and conclusions being contrary to the law and the facts as stipulated."

There is no disagreement between the parties here presenting this issue that an essential criterion to its solution is whether the parties and the court intended that a merger of the agreement, or any part

thereof, into the decree was to be effected. It is not strenuously argued by appellant that the entire agreement became merged in the decree but he does contend that paragraphs 4 and 5 thereof, which are set out haec verba in the decree, were merged therein. No issue of enforcement or modification of the provisions of paragraph 5 thereof are here involved.

This court has in a number of cases considered the question of when and under what circumstances a merger as is here contended for, takes place and its effect upon the agreement merged. In Kimball v. Kimball, 83 Idaho 12, 356 P.2d 919, this court had under consideration a question of merger and the authority of the court to modify certain maintenance provisions of the "Property Settlement Agreement" entered into by the parties to the action. Therein we quoted with approval the following definition of "merger" as applied to an issue similar to the one here presented, to-wit:

"'Merger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon.'"

In Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662, this court discussed a number of cases wherein the essentials of a merger were considered. Although it was not therein determined just how and when a merger of the property settlement agreement into the decree of divorce takes place, it is recognized that one of the controlling factors is the intent of the parties and the court. If a merger is intended to what extent the agreement need be incorporated in the decree, was not decided. However, in the instant case that portion of the agreement which is here involved was in fact incorporated in the decree. In Bainbridge v. Bainbridge, supra, the court did consider the question as to whether the provisions of the agreement may be enforced as an order of the court, even though it was intentionally incorporated in the decree as a part thereof, if the decree does not contain an order to comply with its provision. In that case the court said:

"While the particular question has not been pointedly decided in this court, an examination of McDonald v. McDonald, 55 Idaho 102, 39 P.2d 293, and McDonald v. McDonald, 56 Idaho 444, 55 P.2d 827, in conjunction, one with the other, discloses that this court has recognized the principle as applied in the cases above discussed, though the court did not specifically treat the question of what constitutes an incorporation of the terms of an agreement into a divorce decree; moreover, the holdings therein clearly conform to sec. 32–706, I.C., which expressly limits the court, with respect to the matter of modification of support and main-

tenance to the wife, to a modification of the court's orders; *if there is no such order embodied within a decree, then there is nothing in this respect for the court to modify.*" (emphasis supplied)

■ In support of appellant's contention he calls attention to the following quoted language contained in the decree:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, That the property settlement agreement dated September 5, 1959, made and entered into by and between the parties is in all respects ratified and confirmed and approved."

Appellant argues that the foregoing quoted portion constituted a specific order to perform the provisions of the agreement (paragraphs 4 and 5) which were thereafter set out in the decree. We do not agree with such contention nor do we find any provision in the decree which can be construed as an express order to perform all or any part of the agreement involved. The agreement specifically provides that in the event of a divorce action between the parties it shall be submitted to the court "for approval and ratification" which means to approve and sanction. We believe that a fair interpretation of such language is that the parties intended only thereby to have the court's sanction and approval of the agreement.

■■ The possibility of modifying an order for support based on an agreement such as is here involved without the consent of the parties, depends upon whether the provisions for division of property and the provisions for support are severable rather than integrated. If they are integrated the order may not be modified unless the parties have provided for or agreed to such a modification. Plumer v. Plumer (1957) 48 Cal.2d 820, 313 P.2d 549; Dexter v. Dexter (1954) 42 Cal.2d 36, 265 P.2d 873. In Kimball v. Kimball, supra, this court stated:

"However, even if there is such a merger, that alone is not sufficient to authorize modification of the decree by the court. When monthly payments, as are contained in paragraph Thirteen, thereof are actually integrated into the contract for division of property, the agreement, for monthly payments, if not fraudulently made, is binding, and is not subject to modification."

Accordingly it must be recognized that one of the principal questions to be resolved in the instant case is whether said paragraph 4 is part of an integrated agreement. In Black's Law Dictionary, 4 Ed., it is stated that:

"An agreement is integrated where the parties thereto adopt the writing or writings as the final and complete

expression of the agreement and an 'integration' is the writing or writings so adopted."

In Kimball v. Kimball, supra, we stated that "an agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property." See also Plumer v. Plumer, supra.

The agreement in the instant case recites that the parties thereto were married December 18, 1943 and still were husband and wife; that

"WHEREAS, the parties hereto have no children born of [sic] the issue of their marriage, but have accumulated certain community property, and by reason of unhappy differences arising between the parties, they are now living separate and apart and desire by this agreement to provide for the division and distribution of their property and for support and maintenance of the Wife.

"NOW, THEREFORE, in consideration of the promises and mutual covenants herein contained, IT IS MUTUALLY AGREED between the parties as follows: "

The agreement also provides that from and after date thereof neither party shall be responsible for any debts or obligations incurred by the other; that any and all property thereafter acquired by either party shall be the sole and separate property of the one acquiring the same; that each of the parties waive any and all rights to the estate of the other left at his or her death, provided, however, the monthly payments due the wife thereunder for her support shall in the event of the death of the husband be a claim against his estate to the extent of twelve monthly payments; that this agreement involves all of their community property and each acknowledges it to be a just and fair distribution thereof. The agreement also provides:

"8. That in the event either party brings an action for divorce, this agreement shall be submitted to the court having jurisdiction over such divorce action for approval and ratification, and this agreement shall be and is a final distribution between the parties as to their property and a final provision for support and maintenance of the Wife. Provided, however, should either party bring an action for divorce, the Husband shall pay the Wife's attorney fees in such suit or action to be fixed by the court."

■■■ A fair interpretation of these provisions leaves little doubt that the parties intended to make a fair and just distribution of the property they had ac-

cumulated during more than sixteen years of married life and since they were at that time living separate and apart also to make reasonable and adequate provisions for the support and maintenance of the wife. It is clear from the language used that the settlement arrangements then made were intended to apply from that time forward irrespective of divorce; that in the event a divorce is sought by either party they both would ask the court to approve the agreement they had made, without change. In Plumer v. Plumer, supra, the court said:

"An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, *will be deemed conclusive evidence* that the parties *intended an integrated agreement*. [citing cases]" (emphasis supplied)

The recitals contained in the agreement here considered clearly indicate a concept of integration and we are convinced that the parties intended the provision for monthly payments (par. 4) to be an integral and indivisible part of the consideration for the property settlement agreement. We therefore conclude that the writing here being considered constituted the final and complete expression of the agreement they had entered into and the obligation to make monthly support payments was integrated into the property settlement agreement. Such an agreement would be destroyed by subsequent modification without consent of the parties. A support order based upon an integrated agreement may be modified if the parties so provide, but absent such provision it cannot. Dexter v. Dexter (1954), 42 Cal.2d 36, 265 P.2d 873; Plumer v. Plumer, supra; Kimball v. Kimball, supra. Only when there has been a merger of the agreement into the decree itself does the court have the authority to make a modification, and any modification is then of the court's order and not of the agreement. Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662.

We conclude that the agreement of the parties is not superseded by the decree of divorce and that the obligations imposed under the agreement are imposed by contract and not by decree of the court.

The judgment of the trial court is affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.