410 P.2d 648

**Helen Ashkins TURNER, Plaintiff-Appellant,**

**v.**

**John McCullough TURNER, Defendant-Respondent.**

**No. 9628.**

Supreme Court of Idaho.

Jan. 31, 1966.

Hawley, Troxell, Ennis & Hawley, Boise, for respondent.

Bird & Hobdey, Gooding, Everett B. Taylor, Sun Valley, for appellant.

SMITH, Justice.

This is an appeal from an order denying modification of a divorce decree, entered June 21, 1945.

Appellant sought an increase of her support payment from $300 a month, as provided by the decree, and by a property settlement agreement which appellant and respondent entered into April 30, 1945. Appellant sought modification on the grounds:

1. The economic conditions of the parties have changed in the 20 years since the parties were divorced;

2. Respondent orally induced appellant to sign the property settlement and thereby to transfer to him certain properties in exchange for his agreement "to pursue [provide] additional support payment in the future when it became necessary" for appellant's well being; and

3. Appellant had no independent legal advice concerning the fairness and the implications of the property settlement agreement.

The trial court denied the motion for modification on the ground that as a matter of law the divorce decree is not subject to modification.

The pleadings in the divorce action show that appellant and respondent entered into a marriage settlement agreement April 30, 1945, which they both accepted and ratified.

The agreement sets forth the obligations of each party, with respect to the division of the property, and the maintenance and support of appellant. The salient portions of the agreement are as follows:

"WHEREAS, the parties are desirous of settling their property interests and the Husband is desirous of making fair and reasonable provision for the maintenance and support of the Wife * * *.

\* \* \* \* \* \*

"NOW, THEREFORE, in consideration of the premises and the mutual promises and undertakings herein contained and for other good, valuable and sufficient considerations, the parties agree:"

By paragraph 1 the parties make a "division and settlement of the property."

Then follow clauses to the effect: the Wife shall retain the household furniture and equipment; the Husband shall transfer and assign certain listed stocks and bonds to the Wife, and each party shall retain other tangible personal property which each possesses.

By paragraph 2 the parties agree that in consideration of the Wife's supporting herself the Husband shall make certain provisions for her support and maintenance.

Then follow the provisions that the Husband shall pay $300 monthly to the Wife; the Husband shall obtain a $10,000 policy of life insurance the Wife to be named the beneficiary, and pay the Wife sufficient moneys wherewith to pay the premiums on the policy; the Husband shall pay the Wife such additional amount as required to pay income taxes on the amounts which she receives as support money and for payment of premiums on the life insurance policy; the payment of all such benefits to cease should the parties be divorced and the Wife remarry.

Paragraph 3 of the agreement in part reads:

"The Wife does and shall accept the provisions made for her in full satisfaction for her support and maintenance and she hereby covenants and agrees that she will not at any time hereafter contract any debt or debts, charge or liability whatever for which the Husband or his property or estate shall or may become liable * * *."

By paragraph 4 of the agreement each party released and relinquished any right to share in any capacity in the estate of the other.

Paragraphs 5, 6 and 7 of the agreement read:

"5. The Wife agrees to receive the amounts of money and personal property set forth and described in paragraphs 1 and 2 above in full and complete settlement and release of all claims and demands of every kind, name and nature against the Husband including all liability now or at any time hereafter existing or accruing either on account of support, maintenance, alimony, temporary or permanent, * * * incident to the marriage relation intending hereby to relieve the Husband entirely from all claims and demands and from any that may hereafter attach, arising in any manner from the relation of Husband and Wife and arising in any manner from any and all dealings and costs, charges and expenses as well as alimony, either temporary or permanent, incident to any divorce suit now pending or that may hereafter be commenced by either of Husband or Wife against the other, * * * it being understood that this settlement is a total and complete release of the Husband by the Wife of all matters and charges whatsoever and that the Wife shall after this settlement require nothing whatever of the Husband, as though the marriage relation had never existed between them.

"6. This agreement and all its terms and provisions shall survive and continue in full force and effect, notwithstanding any decree of divorce or separation which may be granted in any action between the parties in any jurisdiction. Should a decree of divorce or separation be granted in favor of either party, the terms hereof shall be embodied in the decree of the court in so far as support and maintenance for the Wife is concerned, and to the extent that such provisions may be acceptable to the court.

"7. The parties have incorporated in this agreement their entire contract. No oral statement or prior written matter extrinsic to this agreement shall have any force or effect. The parties

are not relying upon any representations other than those expressly set forth herein. Each of the parties hereto has been advised with regard to this agreement by their independent counsel."

Each party in execution of the agreement produced a witness. Appellant's present counsel witnessed her signature.

The issue presented for decision, as stated by the trial court, was "whether or not said decree of divorce * * * is as a matter of law subject to modification * * * and in effect whether or not the defendant [respondent] is as a mater of law entitled to a judgment on the pleadings on the basis of the entire record on file herein * * *."

The court resolved the issue in favor of respondent, and by its order denied appellant's motion to modify the decree. This appeal resulted.

Appellant assigns error of the trial court in concluding as a matter of law that the decree is not subject to modification.

Appellant contends, inasmuch as the support provisions of the property settlement agreement are contained in the decree, that those provisions become merged in the decree and hence are subject to modification.

Respondent on the other hand, asserts that the decree is not subject to modification because the support provision of the decree is based upon an integrated agreement

which may not be modified except by mutual agreement of the parties.

■ The district court may modify provisions of a decree for the support of the wife, " * * * and the court may, from time to time, modify its orders in these respects." I.C. § 32–706; Jackson v. Jackson, 87 Idaho 330, 393 P.2d 28 (1964); " * * * but this authority to modify cannot be extended to modification of *an agreement* of the parties; for only when there has been a merger of the agreement into the decree itself does the court have the authority to make such a modification, and any modification is then of the court's order and not of the agreement. Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662." Kimball v. Kimball, 83 Idaho 12, 15, 356 P.2d 919, 921 (1960).

Kimball v. Kimball, supra, contains a dissertation on merger, quoted with approval from Flynn v. Flynn, 42 Cal.2d 55, 265 P.2d 865 (1954), in part as follows:

" 'Merger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon. [citations] The question as to what extent, if any, a merger has occurred, when a separation agreement has been presented to the court in a divorce action, arises in various situations.' * * *

" 'In any of these situations it is first necessary to determine whether the

parties and the Court intended a merger. If the agreement is expressly set out in the decree, and the court orders that it be performed, it is clear that a merger is intended. [citations] On the other hand, the parties may intend only to have the validity of the agreement established, and not to have it become a part of the decree enforceable as such. [citations] Whether or not a merger is intended, the agreement may be incorporated into the decree either expressly or by reference. If a merger is not intended, the purpose of incorporation will be only to identify the agreement so as to render its validity res judicata in any subsequent action based upon it. [citations] If a merger is intended, the purpose of incorporation is, of course, to make the agreement an operative part of the decree. * * * ' " 83 Idaho at 15–16, 356 P.2d at 921–922.

See also Roesbery v. Roesbery, 88 Idaho 514, 401 P.2d 805 (1965).

Did the parties and the court intend a merger of the agreement into the divorce decree?

The pleadings in the divorce action show that the parties entered into "a property settlement" and that they both accepted and ratified the agreement evidencing the settlement; also, that appellant requested the court to approve "said property settlement providing for the maintenance and support of said plaintiff." It thus is clear that the parties intended the support payments should be part and parcel of the property settlement made in favor of appellant, and not alimony to be fixed by the court.

Paragraph 6 of the agreement provides, that the agreement "and all its terms and provisions shall survive and continue in full force and effect" notwithstanding any divorce or separation of the parties; and that should a decree of divorce or separation be granted, *the terms of the agreement* " * * *shall be embodied in the decree* * * * *so far as support and maintenance for the Wife is concerned, and to the extent such provisions may be acceptable to the court."* (Emphasis supplied.)

In effect the parties agreed as between themselves, that the support provisions contained in the property settlement agreement should be controlling, whether or not they "may be acceptable" to the court and embodied in the decree.

The decree also supports the view that the court considered the agreement to be a property settlement inasmuch as the decree contained the finding that the parties had entered into an agreement "with respect to a division and settlement of the property rights of the plaintiff and defendant," and the court "approved and confirmed" the agreement.

Appellant does not contend that the entire agreement was merged into the decree; but she does contend in effect that the provision for support was a separate and divisible part of the property settlement, and that such portion of the agreement was merged into the decree.

■ If such provisions are integrated, the decree may not be modified unless the parties have provided for and agreed to such a modification. Roesbery v. Roesbery, supra. In Kimball v. Kimball, supra, this Court said:

"* * * However, even if there is such a merger, that alone is not sufficient to authorize modification of the decree by the court. When monthly payments, as are contained in paragraph Thirteen, thereof are actually integrated into the contract for division of property, the agreement, for monthly payments, if not fraudulently made, is binding, and is not subject to modification. [citations]" 83 Idaho at 17, 356 P.2d at 922.

■ Accordingly, the principal question to be resolved is whether paragraph 2 of the property settlement agreement is part of an integrated agreement.

In Black's Law Dictionary, 4th Ed., p. 946, it is stated:

"An agreement is integrated where the parties thereto adopt the writing or writings as the final and complete expression of the agreement and an 'integration' is the writing or writings so adopted."

In Kimball v. Kimball, supra, this Court stated:

"An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. [citation]." 83 Idaho at 17, 356 P.2d at 922.

In the Kimball case this Court quoted with approval from Plumer v. Plumer, 48 Cal. 2d 820, 313 P.2d 549, 552, as follows:

"'An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement. (Citing cases.)'" 83 Idaho at 17, 365 P.2d at 922–923.

Roesbery v. Roesbery, supra, adds the additional criteria that the agreement must be a final and complete expression of the

parties as to their rights and duties arising out of the marital relationship, and that the obligation to make monthly support payments be integrated into the property settlement. Said the Court: "Such an agreement would be destroyed by subsequent modification without consent of the parties." 88 Idaho 521, 401 P.2d 809. See also Dexter v. Dexter, 42 Cal.2d 36, 265 P.2d 873 (1954); Plumer v. Plumer, supra; Kimball v. Kimball, supra. In the Roesbery case this Court further stated: "Only where there has been a merger of the agreement into the decree itself does the court have the authority to make a modification, and any modification is then of the court's order and not of the agreement." 88 Idaho at 521, 401 P.2d at 809. See also Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662 (1954).

The property settlement agreement meets the criteria set forth in the Roesbery and Kimball cases. The agreement recites that the parties desire to settle their property rights and that the Husband desires to make fair and reasonable provision for the maintenance and support of the Wife. The agreement then states that "in consideration of the premises and the mutual promises and undertakings herein contained and for other good, valuable and sufficient considerations, the parties agree:" The parties then make a division of their property; and respondent Husband makes provision for the support and maintenance of appellant Wife. The Wife then accepts the provisions made for her, in full satisfaction for her support and maintenance. Each party relinquishes all claims and rights to share in any capacity, or to any extent whatsoever in the estate of the other party. "The Wife agrees to receive the amounts of money and personal property set forth in paragraphs 1 and 2 above in full and complete settlement and release of all claims and demands of every kind * * * against the Husband" including support, maintenance or alimony incident to the marriage relation, and including the Husband's properties which the Husband may presently own or in the future acquire, "it being understood that this settlement is a total and complete release of the Husband by the Wife of all matters and charges whatsoever and that the Wife shall after this settlement require nothing whatever from the Husband, as though the marriage relation had never existed between them." The parties then recite that the "agreement and all its terms and provisions shall survive and continue in full force and effect, notwithstanding any decree of divorce or separation * * *."

A fair interpretation of those provisions of the agreement leads to the inescapable conclusion that the parties intended a fair and just distribution of their properties; and inasmuch as they were living separate and apart, that they also intended to make reasonable and adequate provisions for the support and maintenance of the Wife. The

language used shows that the settlement and support arrangements then made were intended to apply from that time forward irrespective of divorce, and that both parties accepted and ratified the agreement. Roesbery v. Roesbery, supra; Plumer v. Plumer, supra.

Though the parties agreed that the terms of the agreement concerning support and maintenance of the Wife should be embodied in the decree "to the extent such provisions may be acceptable to the court," nevertheless such phraseology points up the conclusion in the absence of merger, that the parties intended those provisions as may be so embodied in the decree, should be for the purpose "only to identify the agreement so as to render its validity res judicata in any subsequent action based upon it." Flynn v. Flynn, supra. See also Kimball v. Kimball, supra.

■ We therefore conclude that the provisions of the agreement are not separable; also, that the agreement was not, nor were the provisions thereof relating to support and maintenance merged into the divorce decree.

■ Appellant assigns as error the failure of the trial court to consider the uncontroverted facts set forth in her affidavit filed in support of her motion for modification of the divorce decree.

After alleging substantial changes in economic conditions of the parties, appellant avers:

"That subsequent to the agreement of the parties entered into and prior to the entry of the decree of divorce defendant [respondent] induced your affiant [appellant] to transfer to him certain properties in exchange for which defendant covenanted and agreed to pursue [provide] additional support payments in the future when it became necessary for the well-being of your affiant;

"That at the time that the property settlement agreement of the parties was entered into your affiant was not well informed as to the nature and extent of the properties of the parties and the values thereof and that the property settlement agreement was prepared by the defendant or by his counsel at his request and direction and that your affiant had no independent legal advice or counsel concerning the fairness of such settlement or the implications and consequences thereof and that because of the fiduciary relationship between the parties your affiant relied upon the representations and inducements of the defendant and particularly upon his promise and representation that he would in the future provide adequate means for the reasonable support, main-

tenance and well-being of your affiant;
* * *."

The record shows that appellant did not rely upon oral promises, in addition to the property settlement agreement, when she executed the agreement. To the contrary the agreement specifically covered this aspect, in language as follows:

"7. The parties have incorporated in the agreement their entire contract. No oral statement or prior written matter extrinsic to this agreement shall have any force or effect. The parties are not relying upon any representations other than those expressly set forth herein. * * *"

Nor does the record support appellant's averment that she was without independent legal counsel at the time she entered into the agreement. Paragraph 7 of the instrument in part reads:

"Each of the parties hereto has been advised with regard to this agreement by their independent counsel."

Moreover, the same counsel represented appellant in the divorce action, as now represents her in the proceeding at bar. Further, appellant does not rest her case in fraud. In her brief she states: "We are not suggesting that any overt fraud was perpetrated by the defendant [respondent]. Nor do we suggest that the property settlement agreement was induced by fraud."

Appellant assigns as error the failure of the trial court to award appellant attorney fees, travel and suit costs. I.C. § 32–704 provides: "While an action for divorce is pending, the court may, in its discretion, require the husband to pay as alimony any money necessary * * * to prosecute or defend the action." This section of the statute has been construed to include attorney fees, costs of litigation, and travel expenses incurred by the wife in a proceeding for modification of a divorce decree. Embree v. Embree, 85 Idaho 443, 380 P.2d 216 (1963); Daniels v. Daniels, 81 Idaho 12, 336 P.2d 112 (1959); Wright v. Wright, 76 Idaho 393, 283 P.2d 1101 (1955); Wenzel v. Wenzel, 76 Idaho 7, 276 P.2d 485 (1954); Gifford v. Gifford, 50 Idaho 517, 297 P. 1100 (1931).

■ Appellant's averments, contained in her affidavit in support of her motion for modification, to the effect that she is unable to pay travel expenses, attorney fees and costs are couched in the form of conclusions. In the absence of any factual showing of her incomes, resources and financial condition, the showing which she submitted is insufficient to establish an abuse of discretion on the part of the trial court in denying her motion for allowance of such expenses, fees and costs.

The order of the district court is affirmed. Costs to respondent.

**318**

McQUADE and TAYLOR, JJ., and DUNLAP, D. J., concur.

KNUDSON, J., sat at the argument but retired from office prior to the decision.