462 P.2d 49

**Robert C. PHILLIPS, Plaintiff-Respondent,**

v.

**Mildred N. PHILLIPS, Defendant-Appellant.**

**No. 10435.**

Supreme Court of Idaho.

Dec. 5, 1969.

Parsons & Smith, Burley, for defendant-appellant.

Goodman & Duff, Rupert, for plaintiff-respondent.

SHEPARD, Justice.

This case presents for decision in this Court questions regarding the law of divorce which have long plagued this Court and have resulted in substantial confusion. The questions put to us are in essence these: When a husband and wife enter into a separation and property settlement agreement in contemplation of a divorce and the parties are divorced at a later time, what is the legal status of such agreement? Is the district court prevented from exercising its jurisdiction over the matters contained in the agreement? Are the doctrines of "merger" and "integration" rational bases upon which to decide the above questions? The ultimate question to be decided in the light of the above questions is, may the court at some future time following the divorce modify the decree?

After some 22 years of marriage the parties hereto separated. They entered into an agreement of separation, which included in one part thereof a division of their community property. Following such division the husband agreed that, to balance the interests of the parties, he would, in addition, pay the wife the sum of approximately $12,000. It is agreed that such amount has been paid. Another portion of the agreement dealt with the support of the minor child of the parties. It is agreed that the support money has been paid and is no longer necessary since the child has reached the age of majority. Another part of the agreement dealt with monies to be paid to the wife for her support in the amount of $300 per month. It is undisputed that those payments have been made up to the present time.

The husband filed an action for divorce, which was granted to him on a default basis on January 2, 1964. The wife, although she had been represented by counsel in the preparation, negotiation and execution of the separation agreement, did not appear in the divorce action either in person or by counsel. In the divorce decree it is recited:

"That certain agreement * * * attached to the complaint * * * be and the same hereby is approved and confirmed by the court as a fair and equitable disposition of the matters therein provided."

In 1968 plaintiff-husband instituted an action for modification of the judgment and decree of divorce. After a hearing thereon the same district judge who had entered the judgment and decree of divorce issued an order dated November 12, 1968, modifying the judgment and decree of divorce and stating:

"That the plaintiff shall no longer be required to pay to the defendant any alimony payments."

The defendant, former wife, appeals from such order of modification.

The district court found that the parties did not intend that the provisions in the separation agreement regarding alimony were integrated with the provisions regarding the property division. This Court has held that integration between various portions of a separation agreement takes place when the parties intend the provisions to be dependent upon each other and intend each provision to be consideration for the other. Gortsema v. Gortsema, 92 Idaho 684, 688, 448 P.2d 777 (1968); Turner v. Turner, 90 Idaho 308, 314, 410 P.2d 648 (1966); Roesbery v. Roesbery, 88 Idaho 514, 519, 401 P.2d 805 (1965); and Kimball v. Kimball, 83 Idaho 12, 17, 356 P.2d 919 (1960).

Using the present facts as an example, it is argued by appellant that she agreed to accept the property division only because of the existence of the alimony provision and while the property division was fair and equitable in so long as the alimony was to be continued *ad infinitum*, it is not fair or equitable absent the continued alimony. Based on such theory, this Court in the past has held that when the provisions of a separation agreement are integrated, the provisions cannot be modified at a later time regardless of whether the agreement has been merged into the divorce decree. Kimball v. Kimball, supra; Roesbery v. Roesbery, supra.

This Court in its past opinions has stated that the issue of integration or non-integration is to be determined from the intent of the parties at the time of the execution of the agreement. Gortsema v. Gortsema, supra; Turner v. Turner, supra; Roesbery v. Roesbery, supra; and Kimball v. Kimball, supra.

We doubt the wisdom of ascribing such an intent to laymen. We have continued to point out the problem in the opinions of this Court and have suggested the need for careful drafting by practitioners and for the need of findings and conclusions by trial courts at the time of the divorce decree on the subject of integration. Turner v. Turner, supra; Kimball v. Kimball, supra; and Roesbery v. Roesbery, supra.

The case at bar provides an example. Although at hearing the parties were questioned regarding their intent, no clear showing was made either one way or the other regarding the intent of the parties on the subject of integration or non-integration of the agreement. No findings of fact or conclusions of law were entered by the district court at the time of the entry of the divorce decree and such, of course, is not surprising in view of the tendency of counsel to waive such findings and conclusions in divorce actions. Counsel for respondent urges that since the same district judge modified the decree which he had previously issued, we may assume that the court initially intended that the agreement was non-integrated. In view of the work load of the now Fifth Judicial District Court, of which we take judicial notice, we find it impossible to ascribe to the district judge such an omniscience as to his intent in a divorce decree which was only one of hundreds which he issued in the five year period of time.

It is our belief that in its attempts to determine the intent of the parties regarding integration or non-integration of the provisions of separation agreements, this Court has been forced to indulge in technical hair splitting. In some cases the court has held agreements to be integrated, Turner v. Turner, supra; Kimball v. Kimball, supra; and Roesbery v. Roesbery, supra, while in other cases agreements which were substantially the same but for a word or two have been held to be non-integrated. Gortsema v. Gortsema, supra; and Fisher v. Fisher, 84 Idaho 303, 371 P.2d 847 (1962).

Substantially the same problem has beset this Court with regard to the doctrine of merger. The district court in the case at bar found that the parties and the court at the time of the divorce decree intended that the separation agreement should be merged into the decree of divorce. The import of the doctrine of merger is that when a separation agreement is submitted to a court in connection with a divorce action and it is merged into the decree, all provisions are thereafter enforceable by the court as a part of its decree and may at a later time be modified by the court. If the agreement is so merged into the decree, the rights and duties of the parties are no longer determined by reference to the agreement or contract of the parties, but rather are determined by and enforced through the judgment and decree of the court. Past decisions have stated that the question of merger or non-merger should be determined by ascertaining the intent of the parties and the court at the time of the divorce. Gortsema v. Gortsema, supra; Turner v. Turner, supra; Kimball v. Kimball, supra; and Roesbery v. Roesbery, supra.

Cases have held that actual incorporation of the terms of the agreement into a divorce decree or physical attachment of the agreement to the decree will usually, but not always, indicate the intent to merge the agreement into the decree. Gortsema v. Gortsema, supra; Kimball v. Kimball, supra; McRoberts v. McRoberts, 80 Idaho 511, 335 P.2d 342 (1959); Daniels v. Daniels, 81 Idaho 12, 336 P.2d 112 (1959); and Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662 (1954). Other cases have held that "approval," "ratification," or "confirmation" of the agreement by the court is not sufficient to denote merger. Roesbery v. Roesbery, supra; and Turner v. Turner, supra. We suggest that the distinctions in these previous cases are only distinctions without a real difference and that such distinctions do not present a rational basis upon which the legal fraternity and lay people may guide and direct their affairs.

It is clear that the framers of our statutes never intended the growth of such an obtuse area of the law. I.C. § 32–715, makes clear that the district courts have jurisdiction to consider and decide those matters necessary to the just and equitable disposition of a cause of action for divorce. The most important of these matters is the care, custody and support of the minor children of the parties. This Court has consistently held that the district courts have continuing jurisdiction to enforce and, if necessary, to modify their decrees relating to minor children. Parks v. Parks, 91 Idaho 420, 422 P.2d 618 (1967); Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967); Dawson v. Dawson, 90 Idaho 234, 409 P.2d 434 (1965); Embree v. Embree, 85 Idaho 443, 380 P.2d 216 (1963); Smith v. Smith, 67 Idaho 349, 180 P.2d 853 (1947); and I.C. §§ 32–705 and 32–101.

■ The parties cannot by contract or agreement divest the court of its continuing jurisdiction in the matter of minor children. Patton v. Patton, 88 Idaho 288, 399 P.2d 262 (1965).

Other matters of importance in a divorce action are the disposition and division of the community property of the parties and the award of alimony or support to the wife. Our statutes place the same jurisdiction, responsibility and duty on the district courts in the disposition of these matters. I.C. §§ 32–704, 32–706, 32–712, 32–713 and 32–715. There is no more reason to divest the courts of their jurisdiction by contract of the parties in these areas than in the area of child support. While perhaps not as important to society in general as is the welfare of minor children, these matters also require a just and equitable disposition by the courts.

■ We, therefore, hold that when parties enter into an agreement of separation in contemplation of divorce and thereafter the agreement is presented to a district court in which a divorce action is pending and the court is requested to approve, ratify or confirm the agreement, certain presumptions arise. In the absence of clear and convincing evidence to the contrary, it will be presumed that each provision of such an agreement is independent of all other provisions and that such agreement is not integrated; it will be further presumed that the agreement is merged into the decree of divorce, is enforceable as a part thereof and if necessary may be modified by the court in the future.

■ In the case at bar the record discloses no clear intent of the parties relating to "integration" and "merger." We, therefore, presume that the district court had continuing jurisdiction to modify the divorce decree on proper motion and showing therefor.

All of the above brings us to the larger question in this case, which is whether or not error was committed by the trial court in modifying the alimony portion of the divorce decree.

■ The district court concluded that the conditions of the parties had materially changed to the extent that the alimony payment for the support of the former wife was no longer required. Upon a proper showing a divorce decree providing for alimony payment to the wife is subject

to modification. Fisher v. Fisher, supra; and McHan v. McHan, 59 Idaho 496, 84 P.2d 984 (1938). The district court's conclusions of law are based upon his findings of fact that the former husband's earnings have been reduced by approximately one-half since the entry of the decree of divorce; that the former wife is employed and is earning in excess of $5,000 per year salary; that the former wife has additional income from the investments and property which she was awarded in the separation agreement; that the former husband has more indebtedness than at the time of the divorce and has and owns less property than at the time of the divorce; that the former wife has no dependents to support and that the former husband does have other dependents to support.

The record before us indicates that the former husband at the time of the divorce was earning approximately $20,000 per year and is presently earning approximately $10,000 per year. It further indicates that the wife at the time of the divorce was incapable of earning her living, but that she has trained and educated herself, and is capable of and is presently holding gainful employment and earning approximately $5,000 per year. The findings and conclusions of the district are supported by the evidence and will not be disturbed on appeal. Holders Manufacturers, Inc. v. Cudd, 80 Idaho 557, 335 P.2d 890 (1959); Williams v. Havens, 92 Idaho 439, 444 P.2d 132 (1968); Cargill v. Hancock, 92 Idaho 460, 444 P.2d 421 (1968); and Blankenship v. Brookshier, 91 Idaho 317, 420 P.2d 800 (1966).

■ Appellant argues in essence, that since she devoted 20 years of her life to a marriage, she is entitled to have a share of her husband's earning thereafter regardless of her need or lack thereof.

To adopt appellant's position would over-rigidify the law of domestic relations in this state. For example, if appellant were to come into an inheritance from which she received income of $100,000 per year and the respondent correlatively suffered financial reverses which reduced his income to $5,000 a year, appellant's position would still dictate that the court should have no authority to modify the divorce decree. Such would bring about a patently unjust result.

■ When two people are divorced from each other, as we have said herein, there are certain obligations incumbent upon our courts. The first and most important thereof is to make provision for the custody, support and maintenance of the minor children, if any, of the parties. Thereafter the court should arrive at an equitable distribution of the community property accumulated by the parties is consideration of all of the circumstances. Thereafter the parties should go their own way with a dissolution of all obligation and debts to each other. Unfortunately, ideal circumstances do not always exist and the situation must be modified according to the wisdom and discretion of the trial judge. If circumstances show the needs and correlative abilities of the parties, we are confident that alimony or wife support will continue to be awarded.

■ On the one hand, no ex-wife need be cast onto the public assistance rolls and be a burden upon society if she is unable to care for herself and her former husband has the ability to contribute to her support and maintenance. We emphasize that our statement is conditioned upon the inability of the wife to care for herself and not her unwillingness to do so. On the other hand, no man should be required to go through life following divorce with the financial millstone of a vengeful ex-wife hung around his neck when such a situation serves no need of society.

In the case at bar the trial judge found that the circumstances of the parties had changed and that the appellant-former wife was able to support herself without the continued assistance of her former husband. That finding was made on the basis of ample, though conflicting evidence, but we are unable to say that the trial court abused its discretion. The order of the trial court

modifying the decree of divorce and eliminating the alimony provision is affirmed. No costs allowed.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.