958 P.2d 599

**Judith KEELER, Plaintiff–Appellant,**

v.

**Robert KEELER, Defendant–Respondent.**

No. 22964.

Court of Appeals of Idaho.

May 4, 1998.

Review Denied June 25, 1998.

Rude, Jackson & Daugharty, Coeur d'Alene, for appellant. Dan J. Rude argued.

Cameron L. Phillips, Coeur d'Alene, for respondent.

LANSING, Chief Judge.

In this case we are called upon to determine whether the spousal support terms of a property settlement and spousal support agreement are judicially modifiable. This issue turns upon whether the property settlement and spousal support agreement was "integrated;" that is, whether the spousal support provisions and the provisions relating to the division of property constitute reciprocal consideration, so that the support provisions are inseparable from the property division.

## FACTS AND PROCEDURAL BACKGROUND

In March 1988, Robert and Judith Keeler decided to end their twenty-three-year marriage. They entered into a property settlement and spousal support agreement which was expressly incorporated into their divorce decree. Under the terms of the agreement, Robert was required to make monthly support payments to Judith for a period of ten years. He was also required to pay Judith a total of $225,000 in bi-annual payments over a five-year period. The property division section of the agreement granted to Robert all of the community's sharehold interest in two corporations. These corporations operated ongoing business ventures in which Robert was actively employed.

Robert made all of the required payments until December of 1991. At that time, he filed a motion in the magistrate division of the district court to terminate his support obligations on the ground that his and Judith's economic situations had drastically changed. After a trial on the matter, the court determined that Judith was no longer in need of Robert's financial support. Following the divorce, she had earned a master's degree and had obtained stable employment. Additionally, she had invested her money wisely, acquiring a home, two rental properties, and other investments. In contrast, Robert's financial situation had deteriorated since the divorce. His primary business, Noroco, Inc., ceased to operate by 1991, and his net worth plummeted from $244,000 in 1988 to a negative $36,000 by October 1994. Because of this change of circumstances, the magistrate terminated Robert's obligation to pay the monthly support payments. However, the magistrate held that the bi-annual payments required by the agreement were not spousal support but a thinly disguised form of property distribution and, therefore, were not subject to modification.

Both Robert and Judith appealed from the magistrate's decision. Robert argued that the magistrate had mischaracterized the bi-annual payments and that they, like the monthly payments, were spousal support subject to modification. Judith, in contrast, argued that the magistrate correctly charac-

terized the bi-annual payments as a form of property distribution, but that the magistrate erred in determining that the monthly payments were subject to modification. In making this argument, she did not challenge the magistrate's findings regarding the substantial change in the parties' financial status. Instead, she argued that the property settlement agreement was integrated and, therefore, not subject to modification by the court regardless of the change in circumstances. The district court ruled in favor of Robert. It held that the bi-annual payments were not part of a property distribution scheme but were support payments, that the property settlement agreement was not integrated so the court had authority to modify the support payments, and that the circumstances justified releasing Robert from his obligation to make any further payments under the terms of the agreement. Judith then filed this appeal.

In her opening brief before this Court, Judith once again argued that the agreement was integrated and not subject to modification. She also reiterated her claim that the bi-annual payments were intended to be a method of property distribution and therefore are not modifiable. Her position on this last point changed, however, in her reply brief and at oral argument. By that time, Judith argued that the bi-annual payments were not a form of property distribution but were additional support which, like the monthly payments, were not modifiable because the agreement was integrated.[1] Since there is no longer any challenge to the district court's ruling that the bi-annual payments should be characterized as support payments, we are left with a single issue to resolve on this appeal: Did the magistrate err in concluding that the agreement was not integrated and, therefore, that the provisions concerning support could be modified?

## ANALYSIS

▬ When the district court has acted in an appellate capacity in an appeal from the magistrate division and a further appeal is taken, the higher appellate court reviews the record of the magistrate independently of, but with attention to the district court's decision. *Toyama v. Toyama*, 129 Idaho 142, 144, 922 P.2d 1068, 1070 (1996); *Noble v. Fisher*, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995); *Ireland v. Ireland*, 123 Idaho 955, 957–58, 855 P.2d 40, 42–43 (1993). Based on our review of the magistrate's findings and conclusions, we will affirm or reverse the district court's appellate decision accordingly. *Campbell v. Campbell*, 120 Idaho 394, 398, 816 P.2d 350, 354 (Ct.App.1991); *Carr v. Carr*, 116 Idaho 747, 750, 779 P.2d 422, 425 (Ct.App.1989). Findings of fact made by the magistrate will not be set aside on appeal unless they are clearly erroneous. I.R.C.P. 52(a); *Holley v. Holley*, 128 Idaho 503, 507, 915 P.2d 733, 737 (Ct.App.1996); *Troche v. Gier*, 118 Idaho 740, 741, 800 P.2d 136, 137 (Ct.App.1990). If the findings are supported by substantial and competent evidence, they will not be deemed clearly erroneous. *Id.*; *Bengoechea v. Bengoechea*, 106 Idaho 188, 191, 677 P.2d 501, 504 (Ct.App.1984). However, we exercise free review over questions of law. *Dennett v. Kuenzli*, 130 Idaho 21, 936 P.2d 219 (Ct.App.1997); *Ficarro v. McCoy*, 126 Idaho 122, 879 P.2d 30 (Ct.App. 1994); *Staggie v. Idaho Falls Consol. Hospitals*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct.App.1986).

▬ An agreement providing for spousal support payments cannot ordinarily be modified by the court unless the terms of the agreement were incorporated or "merged" into the divorce decree. *Sullivan v. Sullivan*, 102 Idaho 737, 739 n. 6, 639 P.2d 435 n. 6 (1981); *Roesbery v. Roesbery*, 88 Idaho 514, 521, 401 P.2d 805, 809 (1965); *Bainbridge v. Bainbridge*, 75 Idaho 13, 265 P.2d 662 (1954). When the settlement agreement has been merged into the decree, support provisions in the agreement may be modified without the mutual consent of the parties because the agreement has become part of the court's judgment; absent merger, the agreement stands independent of the decree, and "the

---

1. Judith's sudden change in her legal theory resulted from Robert's intervening bankruptcy. The parties agree that under bankruptcy law any debt owed to Judith for the division of property would be dischargeable. Therefore, it became beneficial for Judith to characterize the bi-annual payments as support rather than payments in exchange for property.

obligations imposed under the agreement are not those imposed by decree but by contract." *Bainbridge,* 75 Idaho at 24, 265 P.2d at 669. In this case, the magistrate found that the agreement was merged into the decree of divorce, and that finding is not contested by either party.

Even where the agreement has been merged into the decree, however, support terms cannot be judicially modified if the agreement is integrated. A property settlement and spousal support agreement is integrated "if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration [so that the] support provisions are ... necessarily part and parcel of a division of property." *Kimball v. Kimball,* 83 Idaho 12, 17, 356 P.2d 919, 922 (1960). *See also Phillips v. Phillips,* 93 Idaho 384, 385, 462 P.2d 49, 50 (1969); *Gortsema v. Gortsema,* 92 Idaho 684, 688, 448 P.2d 777, 781 (1968); *Turner v. Turner,* 90 Idaho 308, 314, 410 P.2d 648, 654 (1966); *Roesbery,* 88 Idaho at 519, 401 P.2d at 808.

Thus, a court which has been called upon to modify provisions regarding support must determine whether the parties reached an agreement regarding integration. This has not proven to be an easy task. In a series of decisions, the Idaho Supreme Court determined whether property settlement and support agreements were integrated, focusing primarily upon the terminology used in the agreements at issue. *See, e.g., Gortsema, supra; Roesbery, supra; Kimball, supra.* However, in 1969, by its decision in *Phillips v. Phillips,* 93 Idaho 384, 462 P.2d 49 (1969), the Supreme Court significantly altered the manner in which the doctrines of integration and merger are to be applied in divorce cases. In abandoning its previous approach, the *Phillips* Court observed:

> It is our belief that in its attempts to determine the intent of the parties regarding integration or non-integration of the provisions of separations agreements, this Court has been forced to indulge in technical hair splitting. In some cases the court has held agreements to be integrated ... while in other cases agreements which were substantially the same but for a word or two have been held to be non-integrated.

*Phillips,* 93 Idaho at 386, 462 P.2d at 51 (citations omitted). Taking a new direction, the Court held that when an agreement for division of property and support payments has been presented to the divorce court for approval, it will be rebuttably presumed that the agreement was not integrated and was therefore subject to judicial modification. The Court stated:

> [W]hen parties enter into an agreement of separation in contemplation of divorce and thereafter the agreement is presented to a district court in which a divorce action is pending and the court is requested to approve, ratify or confirm the agreement, certain presumptions arise. In the absence of clear and convincing evidence to the contrary, it will be presumed that each provision of such an agreement is independent of all other provisions and that such agreement is not integrated; it will be further presumed that the agreement is merged into the decree of divorce, is enforceable as a part thereof and if necessary may be modified by the court in the future.

*Id.* at 387, 462 P.2d at 52. *See also Spencer–Steed v. Spencer,* 115 Idaho 338, 766 P.2d 1219 (1988) (applying the clear and convincing evidence test); *Sullivan v. Sullivan,* 102 Idaho 737, 743, 639 P.2d 435, 441 (1981) (Shepard, J., concurring) (acknowledging the presumption outlined in *Phillips* ); *Phillips v. Dist. Court of Fifth Judicial Dist.,* 95 Idaho 404, 509 P.2d 1325 (1973) (same).

A rebuttable presumption imposes upon the party against whom it operates the burden of going forward with evidence to rebut the presumption. Idaho Rule of Evidence 301. According to the Supreme Court's pronouncement in *Phillips,* that rebuttal must be made by clear and convincing evidence. In this case, the magistrate found that the evidence of integration did not rise to the level of clear and convincing evidence and therefore did not rebut the non-integration presumption. This determination, like other findings of fact regarding the weight of evidence, must be given deference by this Court unless it is clearly erroneous. We find no

error here, based upon the conflicting evidence presented to the magistrate.

In her appellate argument, Judith relies heavily upon asserted similarities between the language in the Keelers' agreement and the agreement involved in *Roesbery, supra,* which the Supreme Court found sufficient to establish that the agreement was integrated. We find this argument inapposite, however, in light of the Supreme Court's disavowal of the approach utilized in *Roesbery* and other pre-*Phillips* cases which relied heavily upon parsing the language of agreements and "technical hair splitting." It is sufficient to say that the Keelers' property settlement and support agreement nowhere clearly and unambiguously expresses an intent of the parties regarding integration. We therefore decline to disturb the magistrate's finding that the Keelers' agreement was not integrated and was subject to judicial modification.

To summarize, the district court's appellate decision that bi-annual payments required by the agreement were in the nature of spousal support, not a property division, is not challenged, and this characterization of the payments is now conceded by Judith. Likewise, there has been no challenge to the magistrate's findings regarding the parties' respective financial circumstances, or to the magistrate's conclusion that the change in Robert's and Judith's financial circumstances warranted a modification of the decree, relieving Robert of any further obligation to make support payments to Judith. These unchallenged findings and conclusions, together with our determination in this appeal that the magistrate correctly held that the agreement was not integrated, require affirmation of the district court's appellate decision. We hold that the district court correctly affirmed the decision of the magistrate granting Robert's motion to terminate monthly support payments and correctly reversed the magistrate's denial of Robert's motion to similarly terminate the bi-annual payments.

Robert requests an award of attorney fees on appeal pursuant to I.R.C.P. 54 and Idaho Code Section 12–121. Because we are not left with "an abiding belief that the appeal has been brought frivolously, unreasonably, and without foundation," we decline to award attorney fees. *See Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). Costs are awarded to respondent pursuant to I.A.R. 40.

PERRY, J., and BENGTSON, J. Pro Tem, concur.