# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 74

APRIL TERM, A.D. 2016

August 2, 2016

ALEXANDRA MEINERS, as Personal
Representative of the Estate of Theodore
Meiners,

Appellant
(Plaintiff),

v.                                                                S-16-0033

COLLEEN M. MEINERS,

Appellee
(Defendant).

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
    Matthew E. Turner of Mullikin, Larson & Swift LLC, Jackson, WY.

*Representing Appellee:*
    James K. Lubing and Nathan D. Rectanus of Lubing Law Group, LLC, Jackson, WY.  Argument by Mr. Rectanus.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    This appeal arises out of an action by Alexandra Meiners, as personal representative of the Estate of Theodore Meiners, to enforce a divorce settlement agreement entered into between Theodore Meiners and his former wife Colleen Meiners. The district court granted summary judgment to Alexandra Meiners on some claims and to Colleen Meiners on other claims. After the district court certified its ruling as final pursuant to W.R.C.P. 54(b), Alexandra Meiners appealed the summary judgment ruling to this Court. We find the district court's summary judgment order was not properly certified as a final appealable order pursuant to W.R.C.P. 54(b) and dismiss Alexandra Meiners' appeal with directions on remand.

## ISSUE

[¶2]    We restate the dispositive issue on appeal as:

Whether the district court erred in certifying its summary judgment ruling as a final order pursuant to Rule 54(b) of the Wyoming Rules of Civil Procedure.

## FACTS

[¶3]    Theodore (Theo) Meiners and Colleen Meiners (collectively "the Meiners") married in 1989. They each had one child from prior relationships, and they had one child together who was born in 1989. In 2001, the Meiners separated, and in 2002 they executed a Child Custody and Property Settlement Agreement (Divorce Agreement). The Divorce Agreement gave Colleen Meiners primary custody of the couple's child and Theo Meiners reasonable visitation. Theo Meiners was to pay child support in the amount of $375.00 per month until the child reached the age of majority in April 2007. The agreement specified that Theo Meiners would be entitled to all his personal property being stored in the garage of the couple's residence and that he would remove that property by January 23, 2002. With respect to the couple's real property, which consisted only of their residence, the Divorce Agreement provided:

> The parties real property located at 25 Aspen Drive will be sold to Wife under the following terms and conditions:
> a.      The purchase price shall be one half the fair market value as determined by an independent appraiser agreed to by the parties, which has been determined to be $285,000.00, less six percent (6%) sales commission, and less all outstanding taxes, mortgages and liens on the property;
> b.      Wife shall pay to Husband one half the net equity in the property as of August 30, 2001. Payment shall

1

be due and payable when the property is sold or upon the emancipation of the parties' minor son, [AM].

    c.    There shall be no monthly payments, however the purchase price shall accrue interest at the rate of six percent (6%) simple interest per annum.

    d.    Wife shall receive as a credit toward the purchase price the sum of $2,460.00 which represents back child support owed by Husband as of August 30, 2001.

    e.    Husband shall execute all documents necessary to effect a transfer of title and ownership to Wife, as her sole and separate property, as may be required by any governmental entity, financial institution, or lender;

    f.    Wife shall execute all documents necessary to protect Husband's security interest in the real property located at 25 Aspen Drive.

[¶4]    After executing the Divorce Agreement, the Meiners had second thoughts about divorcing and did not file the Divorce Agreement in district court, though a divorce complaint had already been filed with the court. Between 2001 and 2007, Theo Meiners resided part of the year in Alaska, where he had a heli-skiing business, and part of the year in Jackson with Colleen Meiners. In 2007, the district court notified the Meiners that their divorce complaint would be dismissed for lack of prosecution if no action was taken on the matter, and the Meiners then decided to proceed with their divorce. On July 20, 2007, the Divorce Agreement was filed with the court, and on that same day, the district court entered a Decree of Divorce.

[¶5]    After the divorce decree was entered in 2007, the Meiners continued to have a good relationship and live as they had prior to their divorce, with Theo Meiners residing part of the year in Alaska and part of the year in Jackson with Colleen Meiners. In 2010, the Meiners refinanced the residence at 25 Aspen Drive, executing the necessary documents as husband and wife. Neither Theo Meiners nor Colleen Meiners followed the terms of the Divorce Agreement before or after their divorce.

[¶6]    On September 20, 2012, Theo Meiners died, and on November 7, 2012, his daughter, Alexandra Meiners, was appointed as personal representative of his estate. On October 7, 2013, Alexandra Meiners, on behalf of the estate, filed a complaint against Colleen Meiners alleging claims for breach of contract, unjust enrichment, enforcement of divorce decree, and slander of title. The breach of contract claim sought enforcement of the Divorce Agreement and in particular the agreement's real property division requiring Colleen Meiners to pay Theo Meiners one-half the net equity in the property located at 25 Aspen Drive, plus interest, based on the property's 2001 appraised value.

2

[¶7]   On November 7, 2013, Colleen Meiners filed an answer and counterclaim.  She alleged numerous affirmative defenses, including laches and waiver, and asserted a counterclaim for breach of contract by which she sought damages for Theo Meiners' breach of the Divorce Agreement.  Specifically, Colleen Meiners alleged that Theo Meiners breached the Divorce Agreement by: failing to remove his personal items from the property located at 25 Aspen Drive; failing to pay child support; failing to pay any portion of the mortgage on the property located at 25 Aspen Drive; and failing to pay his portion of the couple's debt.

[¶8]   On October 6, 2014, Alexandra Meiners filed a motion for summary judgment seeking entry of judgment in her favor and against Colleen Meiners "with respect to each and every allegation alleged against Defendant by Plaintiff in her Complaint * * * and with respect to each and every allegation alleged against Plaintiff by Defendant in Defendant's Counterclaim[.]"  On October 7, 2014, Colleen Meiners filed a motion for summary judgment seeking judgment on Alexandra Meiners' claims arising out of the Divorce Agreement on grounds that such claims were barred by the doctrine of laches.

[¶9]   On November 14, 2014, the district court heard argument on the parties' summary judgment motions, and on July 15, 2015, the court issued a Summary Judgment Order. The court granted summary judgment to Alexandra Meiners on her slander of title claim and directed Colleen Meiners to withdraw the affidavit of survivorship she had filed against the 25 Aspen Lane property.  The court also granted summary judgment to Alexandra Meiners on her claim to fifty percent of the equity in the 25 Aspen Lane property less the deductions specified in the Divorce Agreement.  The court awarded interest on that amount but in an amount less than that requested by Alexandra Meiners. With respect to Colleen Meiners' counterclaims, the court denied her claim to recover credit card payments she allegedly made on behalf of Theo Meiners and her claim for unpaid child support and granted Alexandra Meiners judgment on those claims.  The court denied Colleen Meiners' motion for summary judgment on her laches defense but granted judgment in her favor on her claims for mortgage contributions and costs of storing Theo Meiners' personal property.  The court summarized its ruling:

> **IT IS, THEREFORE, HEREBY ORDERED** that Alexandra's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.  The Settlement Agreement is specifically enforced, and Colleen is obligated to pay Theo's estate 50% of $285,000, less six percent as an agreed-upon sales commission, "less all outstanding taxes, mortgages, and liens" as of the date of the agreement (a sum which Alexandra determined to be $78,168.40), less $2,460 as an agreed-upon deduction for back child support, less $18,360 for Theo's breach of contract regarding his personal property, plus simple interest at a rate of 6% per annum

3

beginning the date [AM] turned 18 in April 2007, less 50% of the mortgage premiums paid from July 2007 when the parties became tenants in common. The court has relied on the rough figures provided by counsel and did not hear evidence on mortgage premiums or other exact financial figures. With the guidance provided in this summary judgment Order, the parties should be able to figure out the exact amount due to Theo's estate. If the parties are unable to resolve this matter, the Court can set the matter for a status conference upon a stipulated motion for status conference which identifies those issues the parties are unable to agree upon. [Footnote omitted.]

[¶10] On August 7, 2015, Alexandra Meiners filed a notice of appeal to this Court. On October 20, 2015, this Court issued an Order Dismissing Appeal. In so ruling, we observed that based upon the material available to the Court at that time, it did not appear that the district court's Summary Judgment Order resolved all outstanding issues. We expressed concern that the order did not enter judgment in a sum certain, but we concluded that order was not final because it did not fully resolve Alexandra Meiners' claims for slander of title and unjust enrichment. In particular, we noted that the order did not address the unjust enrichment claim and did not address Alexandra Meiners' claim for damages associated with her slander of title claim. We also noted that the Summary Judgment Order did not include a Rule 54(b) certification of the order as final.

[¶11] On January 11, 2016, the district court issued a stipulated order dismissing without prejudice Alexandra Meiners' claims for unjust enrichment and slander of title. The stipulated order also contained a Rule 54(b) certification that the Summary Judgment Order "is a final, appealable order resolving all outstanding issues in this matter." On January 21, 2016, Alexandra Meiners filed her second notice of appeal to this Court.

## DISCUSSION

[¶12] At the outset of our discussion, we must state that we recognize the complexity of this case and appreciate the district court's efforts to provide the parties with a practical path to resolve their dispute without further protracted and costly litigation. We must conclude, however, that the parties' claims are not yet fully and finally resolved and further proceedings are required.

## A. Unresolved Claims

[¶13] Although neither party challenged the district court's decision to certify its summary judgment ruling as final under W.R.C.P. 54(b), we may raise the issue on our

4

own. *Baker v. Speaks*, 2014 WY 117, ¶ 12, 334 P.3d 1215, 1220 (Wyo. 2014). Rule 54(b) provides:

> (b) *Judgment Upon Multiple Claims or Involving Multiple Parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

W.R.C.P. 54(b) (LexisNexis 2015).

[¶14] In reviewing a Rule 54(b) certification, we review the determination that Rule 54(b) applies as question of law, giving no deference to the district court's finding, and we review the determination that there is no just reason for delaying appeal for an abuse of discretion. *Baker*, ¶ 12, 334 P.3d at 1220. We have explained:

> First, the district court must determine that Rule 54(b) applies, i.e., *are there multiple claims or multiple parties as contemplated by Rule 54(b)?* The answer to this threshold question is by nature one of law and this court gives no special deference to the determination made by the district court.
>
> Once this question has been answered affirmatively, the district court must move on to the second determination, i.e., *is there no just reason for delay?* This determination is reviewable only for an abuse of discretion. This is so because such a decision is more in the nature of a factual determination. The district court is called upon to weigh a variety of factors and factual circumstances in reaching its decision.

*Baker*, ¶ 12, 334 P.3d at 1220 (emphasis in original) (quoting *Griffin v. Bethesda Foundation*, 609 P.2d 459, 461 (Wyo. 1980)).

[¶15] The district court certified pursuant to Rule 54(b) that its Summary Judgment Order "is a final, appealable order resolving all outstanding issues in this matter." Based on our review of the record, we must disagree.

[¶16] We have held:

> [A Rule 54(b) certification] "cannot be employed to permit the appeal of a [p]artial adjudication of the rights of one or more of the parties[.] [O]nly a [c]omplete disposition of the claim relating to [a]t least one of the parties may be certified." 10 Wright & Miller, Federal Practice and Procedure: Civil s 2653, p. 27 (1973).... The rationale for such holding is to protect the policy against piecemeal appeals. See Wright & Miller, *supra*, § 2658, p. 68 and § 2659, pp. 75–79.

*Baker*, ¶ 15, 334 P.3d at 1221 (quoting *Mott v. England*, 604 P.2d 560, 563 (Wyo. 1979)); *see also Laramie County Sch. Dist. No. One ex rel. Bd. of Trustees of Laramie County School Dist. No. One v. Kinstler*, 2015 WY 143, ¶ 9, 361 P.3d 819, 821 (Wyo. 2015) (only a complete disposition of the claim relating to at least one of the parties may be certified as final under Rule 54(b)).

[¶17] In her complaint, Alexandra Meiners asserted claims for breach of the Divorce Agreement, unjust enrichment, enforcement of the divorce decree, and slander of title. The district court's summary judgment ruling, combined with its ruling after our dismissal of Alexandra Meiners' first appeal, disposed of the unjust enrichment and slander of title claims. Neither party contests the disposition of those claims on appeal, and we accept that those claims are effectively resolved for purposes of Rule 54(b). We do not, however, view the claims for breach of the Divorce Agreement and enforcement of the divorce decree as fully and finally resolved.

[¶18] With respect to the claim for breach of the Divorce Agreement, we find two unresolved questions. First, the district court's summary judgment ruling left open the amount of damages relating to the Meiners' real property. In particular, the court left it to the parties to resolve the amount owed by the estate to Colleen Meiners for mortgage contributions and the amount owed by Colleen Meiners to the estate for Theo Meiners' one-half equity interest in the property, with the option that the parties could come back to the court for a ruling if the parties could not resolve the matter. This leaves an open question, the resolution of which could lead to further dispute and another appeal should one or both parties disagree with the district court's eventual ruling. This is the type of

piecemeal litigation we seek to avoid with our limitations on the use of a Rule 54(b) certification. *Baker*, ¶ 15, 334 P.3d at 1221 (claim must be fully adjudicated before certification to avoid piecemeal appeals).

[¶19] An additional question that remains unresolved with respect to Alexandra Meiners' breach of the Divorce Agreement claim is the effect of Colleen Meiners' laches defense. The district court denied Colleen Meiners' request for summary judgment on the defense, but the court did not rule as a matter of law that the defense was not applicable. Instead, the court acknowledged that there may be disputed issues of fact, but denied summary judgment because Colleen Meiners' laches defense would not ultimately resolve all claims relating to the real property. The court ruled:

> 23. Counsel for Colleen explained at the summary judgment hearing that the jury she requested could determine whether the doctrine of laches applied if there were disputed issues of material facts, but that the Court would still need to determine what effect laches would have in this case. As noted earlier in this Order, if the doctrine of laches did apply, the parties would need to proceed to a partition action, requiring additional time and expense for what appears to be a negligible difference in the amount owed by Colleen to Theo's estate. Thus, a jury would <u>not</u> be able to determine that Colleen gets the house free and clear of any obligation to the estate, which appears to be the result Colleen is seeking. [Underline in original.]

[¶20] We again recognize in this ruling the district court's efforts to guide the parties to a practical, less costly, resolution of their dispute. Nonetheless, the effect of Colleen Meiners' laches defense on the breach of the Divorce Agreement claim remains an unresolved question, meaning the claim has not been fully adjudicated.

[¶21] The final claim we find unresolved by the district court's summary judgment ruling is Alexandra Meiners' claim for enforcement of the Meiners' divorce decree. The court's summary judgment ruling does not address the claim, and the claim was not one dismissed without prejudice by stipulation of the parties.

[¶22] For these reasons, we conclude that the district court's summary judgment ruling was not a final, appealable order.

## B.    Guidance on Remand

[¶23] Although our determination that the district court's summary judgment ruling was not a final, appealable order is dispositive of this appeal, we take this opportunity, in the

7

interests of judicial economy, to provide guidance for the district court's consideration on remand. *See Glenn v. Union Pac. R.R. Co.*, 2011 WY 126, ¶ 30, 262 P.3d 177, 191 (Wyo. 2011) (holding that statute of limitations issue was dispositive of appeal but addressing jury instruction issue that was likely to arise again on remand).

[¶24] Although, as noted above, Alexandra Meiners asserted a claim for enforcement of the Meiners' divorce decree, the parties' arguments and the district court's ruling focused solely upon the claims for breach of the Divorce Agreement. We are troubled by this focus because we have held:

> In the absence of clear and convincing evidence to the contrary, an agreement made and entered into, in anticipation of a divorce[,] which has been incorporated or adopted by reference into a decree, is presumed to merge into the divorce decree and will no longer be in effect. *Pauling v. Pauling*, 837 P.2d 1073, 1078 (Wyo.1992) (citing *Phillips v. Phillips*, 93 Idaho 384, 387, 462 P.2d 49, 52 (1969)); *Witowski v. Roosevelt*, 2009 WY 5, ¶ 23, 199 P.3d 1072, 1078–1079 (Wyo.2009).

*Zupan v. Zupan*, 2010 WY 59, ¶ 10, 230 P.3d 329, 332 (Wyo. 2010).

[¶25] In adopting this rule, we explained:

> In an effort to avoid the difficulty of determining the parties' intent while also providing a clear rule to guide the affairs of lawyers and lay people, Idaho has adopted a presumption approach to the question of merger. *Phillips v. Phillips*, 93 Idaho 384, 462 P.2d 49 (Idaho 1969). In *Phillips*, 462 P.2d 49 the Idaho Supreme Court held that a settlement agreement is presumed to merge into the divorce decree when, in the absence of clear and convincing evidence to the contrary, the parties enter into an agreement in contemplation of divorce and thereafter request the district court to approve, ratify, or confirm the agreement. *Id*. 462 P.2d at 52. In our view, the Idaho Supreme Court's approach is preferable because it allows parties to create agreements which will survive the divorce decree if they so desire and at the same time offers a simple and direct method of determining the status of an agreement which does not clearly state the parties' intent. Accordingly, we hold that, when, in the absence of clear and convincing evidence to the contrary, the parties enter into a settlement agreement in contemplation of divorce and the

8

district court's divorce decree incorporates or adopts by reference that agreement, the agreement is presumed to merge into the decree and will no longer be given effect. Our decision does not affect a trial court's authority to revise a divorce decree concerning the care, custody, or maintenance of children or alimony, nor does our decision affect a trial court's lack of authority to modify a divorce decree concerning property division. *Paul v. Paul*, 631 P.2d 1060 (Wyo.1981); *Pavlica v. Pavlica*, 587 P.2d 639 (Wyo.1978) (per curiam).

In the present case, we discern no clear and convincing evidence from the record of the parties' intent to make their agreement survive the trial court's divorce decree. In the absence of such evidence, we presume that the agreement merged into the divorce decree and lost its contractual nature. The fact that the agreement ceased to exist as a contract upon entry of the divorce decree renders the father's contract clause claim inapplicable. *See Whitt v. Whitt*, 490 S.W.2d 159 (Tenn.1973).

*Pauling v. Pauling*, 837 P.2d 1073, 1078 (Wyo. 1992).

[¶26]  On remand, the threshold question that must be addressed in resolving the parties' claims is whether the Divorce Agreement exists as a separate enforceable agreement.  If the agreement ceased to exist as an enforceable contract, it will be the claim to enforce the divorce decree that must be resolved, with the controlling law being that applicable to the district court's authority to enforce and modify a divorce decree.

[¶27]  Because we do not yet know what determination will be made in regard to the continuing viability of the Divorce Agreement and the effect of that determination on the parties' claims, it would be premature for this Court to review or speak to the other specific rulings in the district court's summary judgment ruling.[1]

---

[1] The exception is the district court's calculation of damages for Colleen Meiners' claim relating to the storage of Theo Meiners' personal belongings.  The district court *sua sponte* took judicial notice of the 2015 storage facility rates in Jackson, Wyoming and applied those to Colleen Meiners' claim dating back to 2002.  This was not a proper use of judicial notice under W.R.E. 201.  If Colleen Meiners again prevails on her claim relating to storage of Theo Meiners' belongings, any damages relating to that claim will have to be supported by evidence.  *See Goforth v. Fifield*, 2015 WY 82, ¶ 40, 352 P.3d 242, 250 (Wyo. 2015) (damages must be proven with a reasonable degree of certainty).

## CONCLUSION

[¶28]  We conclude that the district court's summary judgment ruling was not properly certified as a final, appealable order pursuant to Rule 54(b).  We therefore dismiss the appeal with directions on remand.