# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 56

**APRIL TERM, A.D. 2020**

**May 4, 2020**

CIBC NATIONAL TRUST COMPANY, Executor of the Estate of Julie Anne Bell, and Trustee of the Julie Anne Bell Revocable Living Trust dated December 16, 2014, as amended and restated,

Appellant
(Plaintiff/Counter-Defendant),

v.

S-19-0157

PATRICK LAWLER DOMINICK,

Appellee
(Defendant/Counterclaimant).

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
> *Paula A. Fleck, Holland & Hart, LLP, Jackson, Wyoming; Thomas C. Junker, Fiske Law Group, PLLC, Alexandria, Virginia.*

*Representing Appellee:*
> *Erika M. Nash and Aaron J. Lyttle, Long Reimer Winegar, LLP, Jackson, Wyoming.*

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FOX, Justice.**

[¶1]    Julie Anne Bell's death ignited a dispute between her long-term romantic partner, Patrick Dominick, and her estate over the ownership of real property in Teton County, Wyoming.  We conclude the district court abused its discretion by certifying its partial summary judgment order as a final judgment under Rule 54(b) and dismiss the appeal.

## *ISSUES*

[¶2]    We decide the following dispositive issues:

> 1.    Did the district court err when it certified its partial summary judgment order as a final judgment under Wyoming Rule of Civil Procedure 54(b)?
>
> 2.    Should this Court convert the pending appeal to a writ of review under Wyoming Rule of Appellate Procedure 13.02?

## *FACTS*

[¶3]    In 2013, Julie Anne Bell and Patrick Dominick purchased a home in Teton County, Wyoming.  Prior to purchasing the property, they signed a tenants-in-common agreement (TIC Agreement), which provided they each had a 50% interest in the property, and included a buy-sell provision and method of transfer upon the death of one party.  Later the same day, they accepted the deed for the property, which described their ownership interest as "joint tenants with rights of survivorship."  Ms. Bell died in August 2015 and, in October, Mr. Dominick provided notice to Teton County Records that he was the surviving joint tenant with survivorship rights.

[¶4]    CIBC National Trust Company, the executor of Ms. Bell's estate, filed for declaratory judgment that the TIC Agreement governed, and asserted claims for breach of contract or partition.  Mr. Dominick answered and counterclaimed for quiet title and slander of title.  The parties filed cross motions for summary judgment.  The district court concluded that the merger doctrine applied, that the deed controlled, and that Mr. Dominick owned the property as the surviving joint tenant.   The district court then, over Mr. Dominick's objection, granted CIBC's motion to certify the partial summary judgment order as a final judgment under Rule 54(b) and stayed the remaining claim for slander of title.  On appeal, the parties submitted briefing on the merits of the partial summary judgment order, and we requested supplemental briefing on whether the district court properly certified its partial summary judgment ruling under W.R.C.P. 54(b) when the slander of title claim was still pending below and, if it was an improper certification, whether we should convert the appeal to a writ of review.

1

[¶5]    We follow a two-step analysis to determine whether a claim is properly certified under Wyoming Rule of Civil Procedure 54(b).  First, we determine whether the judgment the district court certified as final falls within the scope of Rule 54(b).  This threshold issue is a question of law that we consider de novo, giving no deference to the district court's determination.  *Meiners v. Meiners*, 2016 WY 74, ¶ 14, 376 P.3d 493, 496-97 (Wyo. 2016) (citing *Baker v. Speaks*, 2014 WY 117, ¶ 12, 334 P.3d 1215, 1220 (Wyo. 2014)).  Second, we evaluate whether the district court determined there was "no just reason for delay" under an abuse of discretion standard.  *Baker*, 2014 WY 117, ¶ 12, 334 P.3d at 1220.

**I.      The district court's order falls within the scope of W.R.C.P. 54(b), but the district court erred when it found no just reason for delay and certified its partial summary judgment order as a final judgment**

[¶6]    The purpose of Rule 54(b) is to strike a balance between the strong preference against piecemeal appeals, and the possible injustice that results by delaying entry of a final judgment in a multi-party action, or on distinctly separate claims, until the resolution of the entire case.  *Baker*, 2014 WY 117, ¶ 15, 334 P.3d at 1221 ("A Rule 54(b) certification 'cannot be employed to permit the appeal of a partial adjudication of the rights of one or more of the parties.' . . .  The rationale for such holding is to protect the policy against piecemeal appeals.") (quoting *Mott v. England*, 604 P.2d 560, 563 (Wyo. 1979)) (internal citation and alterations omitted); *Olmstead v. Cattle, Inc.*, 541 P.2d 49, 51 (Wyo. 1975); 10 Charles A. Wright et al., *Federal Practice and Procedure: Civil* § 2654 (4th ed., database updated April 2020).  Rule 54(b) certifications are neither routine nor for the convenience of the court or the parties.  *Huggins v. FedEx Ground Package System, Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) ("[W]e have repeatedly stated that Rule 54(b) certifications 'should neither be granted routinely nor as an accommodation to counsel.'") (citation omitted).

**A.     The district court's partial summary judgment order falls within the scope of Wyoming Rule of Civil Procedure 54(b)**

[¶7]    Wyoming Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the

parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The parties agree this case falls under the scope of Rule 54(b) because it presents more than one claim for relief. In analyzing whether there are multiple claims, courts should determine whether "the possible recoveries are more than one in number and not mutually exclusive." 10 Wright et al., *Federal Practice and Procedure: Civil* § 2657.[1]

[¶8] Ownership of the property is a necessary element of every claim and counterclaim in this case. The district court concluded that Mr. Dominick owned the entire property as the surviving joint tenant. Thus, the partial summary judgment order resolved all of CIBC's claims because they all depended upon ownership, and it decided Mr. Dominick's counterclaim for quiet title. The question is whether Mr. Dominick's remaining claim for slander of title is separate from the decided claims. *See Baker*, 2014 WY 117, ¶ 14, 334 P.3d at 1221. Wyoming defines slander of title as "a false and malicious statement made in disparagement of a person's title to real or personal property, or of some right of his causing him special damage." *Sannerud v. Brantz*, 879 P.2d 341, 344 (Wyo. 1994) (quoting *Bennett v. Pace*, 731 P.2d 33, 34 (Wyo. 1987)). Mr. Dominick must succeed on his ownership claim to succeed on his slander of title claim. However, the reverse is not true; Mr. Dominick can succeed on ownership without succeeding on slander of title. Thus, there are multiple possible recoveries, and they are not mutually exclusive. 10 Wright et al., *Federal Practice and Procedure: Civil* § 2657. Because there are multiple claims and the district court's partial summary judgment order finally disposed of some, but not all of them, the district court did not err in concluding that Rule 54(b) applies. However, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980).

---

[1] *See In re Estate of Schlueter*, 994 P.2d 937 (Wyo. 2000) (deciding case on the merits after the district court certified its decision on testamentary capacity under Rule 54(b) but left a claim of undue influence undecided); *Griffin v. Bethesda Foundation*, 609 P.2d 459 (Wyo. 1980) (finding a Rule 54(b) certification improper for a partial summary judgment ruling that disposed of two tort claims and left two contract claims undecided because all claims arose from the contract and therefore did not constitute "multiple claims"); *Butts v. Gierse*, 573 P.2d 1365 (Wyo. 1978) (no separate claims where plaintiffs alleged a prescriptive easement across the defendant's property and the district court granted summary judgment for the defendant concerning only a small portion of the easement because the rest of the easement remained outstanding); *Lutheran Hospitals and Homes Soc. of America v. Yepsen*, 469 P.2d 409 (Wyo. 1970) (finding Rule 54(b) does not generally apply when there is a single claim for damages and the issue appealed is whether different forms of immunity apply); *Spriggs v. Pioneer Carissa Gold Mines, Inc.*, 453 P.2d 400 (Wyo. 1969) (stating that Rule 54(b) applied where the district court disposed of all plaintiff's claims but did not decide the counterclaim, but declining to hear the appeal because the district court did not follow the Rule's procedural requirements).

3

**B.    The district court's conclusion that the factors weighed in favor of finding "no just reason for delay" was in error**

[¶9]    The second step of the Rule 54(b) analysis requires courts to conduct a multi-factor balancing test to determine whether there is "no just reason for delay." *Baker*, 2014 WY 117, ¶ 16, 334 P.3d at 1221 (citing *Mott*, 604 P.2d. at 563); W.R.C.P. 54(b). "Given the wide range of discretion conferred on the trial judge in deciding whether there is no just reason for delay, the district court should feel free to consider any factor that seems relevant to a particular action, keeping in mind the policies the rule attempts to promote." 10 Wright et al., *Federal Practice and Procedure: Civil* § 2659.[2] The most commonly considered factors include: 1) "the relationship between the adjudicated and the unadjudicated claims," 2) "the possibility that the need for review might be mooted by future developments in the" lower court, 3) "the possible impact of an immediate appeal on the remaining trial proceedings," and 4) the "practical effects of allowing an immediate appeal," including the potential injustice or hardship to the parties if the appeal is delayed. *Id*. The United States Supreme Court approved of the federal district court's consideration of similar factors in *Curtiss-Wright*, while at the same time declining to limit the district courts' discretion by "fix[ing] or sanction[ing] narrow guidelines." *Curtiss-Wright*, 446 U.S. at 11, 100 S.Ct. at 1466.

[¶10]    District courts are to act as dispatchers under the Rule, exercising their discretion "in the interest of sound judicial administration" to determine the correct time for appeal. *Id.*, 446 U.S. at 8, 100 S.Ct. at 1465. The role of appellate courts in this analysis is "not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." *Id.*, 446 U.S. at 10, 100 S.Ct. at 1466.

[¶11]    Here, the district court considered many of the factors listed in Wright & Miller and discussed in *Curtiss-Wright*, stating:

> (1) This case involves multiple claims as contemplated by W.R.C.P. 54(b);
>
> (2) In deciding whether there is no just reason to delay the appeal of the [partial summary judgment] Order the Court must take into account judicial administrative interests as well as the equities involved;

---

[2] Though the annotations to W.R.C.P. 54(b) disclose a robust body of case law, we have had little opportunity to address the factors considered by the district court in determining whether there is "no just reason for delay." Thus, we look to federal case law for guidance. *See Meiners v. Meiners*, 2019 WY 39, ¶ 17, 438 P.3d 1260, 1268 (Wyo. 2019).

(3) In doing so the Court has considered whether the claims decided by the [partial summary judgment] Order are separable from Mr. Dominick's counterclaim for slander of title, and also whether the nature of the claims decided by the [partial summary judgment] Order are such that the Wyoming Supreme Court would not have to decide the same issues more than once even if there are subsequent appeals;

(4) There is no overlap among the various legal and factual issues involved in the claims decided by the [partial summary judgment] Order and those in Mr. Dominick's counterclaim for slander of title;

(5) If the Estate's appeal of the [partial summary judgment] Order results in reversal of that Order and entry of judgment in favor of the Estate that it is a 50% tenants-in-common owner of the Property, then the counterclaim by Mr. Dominick for slander of title would be moot, and it would have been a waste of the litigants' and the Court's resources to have litigated and tried that counterclaim if the [partial summary judgment] Order were not certified as final so as to allow an immediate appeal of that Order;

(6) If the [partial summary judgment] Order were affirmed on appeal, any appeal of the subsequent decision on Mr. Dominick's counterclaim for slander of title would not require re-litigation of the issues decided on the appeal of the [partial summary judgment] Order, again because there is no overlap of the factual and legal issues decided by the [partial summary judgment] Order and those concerning the counterclaim;

(7) Certification of the [partial summary judgment] Order as a final judgment could potentially save the parties' and judicial resources, so that the equities favor certification; and

(8) There is therefore no just reason for delay in entry of the [partial summary judgment] Order as a final judgment[.]

However, the district court's analysis of several of these factors was flawed.

5

[¶12]  First, the district court conflated the determination that there are separate claims under the first step of the Rule 54(b) analysis with the factor that the claims be "separate, distinct, and independent of any of the other claims or counterclaims" under the second step.  *Curtiss-Wright*, 446 U.S. at 6, 100 S.Ct. at 1464.  As discussed, for claims to be separate under the first step, there must be multiple possible recoveries that are not mutually exclusive.  That determination, however, does not mean that the claims are necessarily "separate, distinct, and independent of any of the other claims or counterclaims."

[¶13]  The distinction between separate claims and overlapping claims is illustrated in *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021 (2nd Cir. 1992) and *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459 (7th Cir. 2008).  In *Hogan*, the plaintiff brought a wrongful death action against three defendants.  961 F.2d at 1023.  The district court found insufficient evidence to maintain the cause of action against one defendant and granted summary judgment in its favor.  *Id.* at 1024.  The district court then certified its summary judgment order under Rule 54(b), reasoning that if it was wrong about the sufficiency of the evidence, the dismissed defendant could be partially responsible for any liability.  *Id*.  The district court found that the interrelationship of the claims supported 54(b) certification because if it delayed appeal and the Second Circuit Court of Appeals reversed the grant of summary judgment, the case would be remanded for a new trial.  *Id*.  The Second Circuit reversed the district court's 54(b) certification, finding that the interrelationship of the claims weighed against certification.  *Id.* at 1026 ("Though we sympathize with the district court's desire to avoid a retrial of the entire case if its assessment of the evidence as to [the dismissed defendant]'s role is erroneous, the interrelationship of the dismissed and surviving claims is generally a reason for *not* granting a Rule 54(b) certification.") (emphasis in original).

[¶14]  Conversely, in *Marseilles*, a canal wall collapsed resulting in numerous tort and property law claims.  518 F.3d at 461-63.  The federal district court issued a partial judgment that resolved a question of ownership, and the tort claims.  *Id*. at 463, 465.  Property law claims relating to the removal of lateral support remained unadjudicated.  *Id*. at 464-65.  The Seventh Circuit Court of Appeals found that case was properly certified under Rule 54(b) because even though the collapse of the canal wall was common to all the claims, the adjudicated and unadjudicated claims arose under different areas of law and the underlying facts for the adjudicated ownership claim and unadjudicated property claims occurred during different time periods.  *Id*. at 465.

[¶15]  Here, while there are separate claims for purposes of 54(b) analysis, the claims decided in the partial summary judgment ruling and the remaining slander of title claim overlap because ownership is a necessary element of all the claims.  Overlapping claims are a factor that weighs against 54(b) certification.  10 Wright et al., *Federal Practice and Procedure: Civil* § 2659.

6

[¶16]   Second, the district court found that certifying its partial summary judgment order was in the best interest of judicial economy.  However, the district court failed to analyze what could happen to CIBC's claims after an appeal on the merits.  CIBC's Amended Complaint alleged three causes of action: 1) declaratory relief; 2) breach of contract; and 3) partition.  Under the declaratory relief claim, CIBC requested that the district court declare CIBC and Mr. Dominick owned the property as tenants-in-common, strike Mr. Dominick's 2015 affidavit from the land records, reform the 2013 deed to reflect the ownership as tenants-in-common, and find that the TIC agreement is a valid and enforceable contract.  If this Court reversed the partial summary judgment order, it is possible the declaratory relief claim would be decided.  However, a reversal by this Court would also leave CIBC's claims for breach of contract and partition to be decided upon remand.[3]  If we affirm, this case would continue below on the remaining counterclaim for slander of title.  Either result could lead to further proceedings in the district court and another appeal before this Court, which is not in the interest of judicial economy. Therefore, this factor weighs against certification.

[¶17]   Finally, the district court's order lacked any finding about whether hardship would result from delaying the appeal.  Courts address the "hardship resulting from delay" factor differently.  Some courts do not require any finding that delaying the appeal would result in an injustice or hardship and instead simply look to the factors considered and allow a conclusory finding that there is "no just reason for delay."  *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (finding that certifying an order under Rule 54(b) incorporates the Rule by reference and signals the court's conclusion that the requirements have been met).  The United States Supreme Court considered the hardship Curtiss-Wright would suffer if the appeal was delayed a compelling factor in affirming the 54(b) certification because the claim consisted of a $19 million-dollar judgment which, absent certification, would not be paid for "many months, if not years" and the difference in prejudgment and market interest rates would have resulted in daily financial loss for Curtiss-Wright.  *Curtiss-Wright*, 446 U.S. at 6, 11-13, 100 S.Ct. at 1464, 1467.  Other courts follow this reasoning and consider hardship resulting from delay a compelling factor, but not necessarily required.  *Morrison-Knudsen*, 655 F.2d 962, 965 (9th Cir. 1981) ("A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific

---

[3] CIBC's prayer for relief requests:

> Dominick specifically to perform the terms of the TIC Agreement, particularly with regard to the requirements of the Buy-Sell provisions of that TIC Agreement . . . and award[] [CIBC] such money damages as may be proven[;] [or], in the alternative to specific performance, that the Property be partitioned pursuant to the terms and procedures set forth in Wyo. [Stat. Ann.] §§ 1-32-101, *et seq*.

7

findings."); *United Bank of Pueblo v. Hartford Acc. & Indem. Co.*, 529 F.2d 490, 492-93 (10th Cir. 1976) (finding no abuse of discretion where district court found the difference in prejudgment and market interest rates a compelling factor for certifying its judgment under Rule 54(b)). Finally, the most stringent application of this factor requires trial courts to make a specific finding about the injustice or hardship that would occur by delaying the appeal. *Taco John's of Huron, Inc. v. Bix Produce Co., LLC*, 569 F.3d 401, 402 (8th Cir. 2009) ("Our cases are uniform in holding that we will not assume jurisdiction over a case certified to us under Rule 54(b) as a routine matter or as an accommodation to counsel and that we will not do so unless there is some danger of hardship or injustice which an immediate appeal would alleviate. . . . The parties point to no . . . exigency [similar to the difference in interest rates in *Curtiss-Wright*] in the present case and we have discerned none. In short, we see no danger or hardship in allowing this case to take its ordinary course."); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2nd Cir. 1997) ("Generally, a district court may properly make a finding that there is 'no just reason for delay' only when 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'"); 10 Wright et al., *Federal Practice and Procedure: Civil* § 2659 ("Because of the strong federal policy against piecemeal review several courts have stated that the district court should make the express determination only in the infrequent case in which a failure to do so might have a harsh effect.").[4] Although we presume that the court considered this factor and that its decision is supported by competent evidence, *Seherr-Thoss v. Seherr-Thoss*, 2006 WY 111, ¶ 17, 141 P.3d 705, 714 (Wyo. 2006), the only factual basis we can imagine for finding hardship from delay would be the hope that, if this Court reversed the partial summary judgment, the parties and the district court would be spared the need to litigate the slander of title claim. If that were sufficient to satisfy the hardship factor, the policy against piecemeal appeals would be defeated.

[¶18] Like the Court in *Curtiss-Wright*, we are reluctant to fashion narrow guidelines for the district courts to follow in determining whether to certify a claim under Rule 54(b).

---

[4] In *Curtiss-Wright*, the Supreme Court clarified that the "infrequent harsh case" test cannot be the only consideration when determining whether to certify a case under Rule 54(b).

> When Rule 54(b) was amended in 1946, the Notes of the Advisory Committee which accompanied the suggested amendment indicated that the entire lawsuit was generally the appropriate unit for appellate review, "and that this rule needed only the exercise of a discretionary power to afford a remedy in the infrequent harsh case to provide a simple, definite, workable rule." However accurate it may be as a description of cases qualifying for Rule 54(b) treatment, the phrase "infrequent harsh case" in isolation is neither workable nor entirely reliable as a benchmark for appellate review. There is no indication it was ever intended by the drafters to function as such.

*Curtiss-Wright*, 446 U.S. at 9-10, 100 S.Ct. at 1465-66 (internal citations omitted).

446 U.S. at 10-11, 100 S.Ct. at 1466. While we sympathize with "the district court's efforts to guide the parties to a practical, less costly, resolution of their dispute," the 54(b) certification did not contain any factors to counterbalance those discussed above which weigh against certification. *Meiners*, 2016 WY 74, ¶ 20, 376 P.3d at 498. We find, therefore, that the district court abused its discretion in finding no just reason for delay and certifying its partial summary judgment order as a final order under Rule 54(b).

## II.     *The Court will not convert the pending appeal to a writ of review*

[¶19]   We could nevertheless convert the appeal to a writ of review under W.R.A.P. 13.02, which states:

> A writ of review may be granted by the reviewing court to review an interlocutory order of a trial court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there are substantial bases for difference of opinion and in which an immediate appeal from the order may materially advance resolution of the litigation.

"We do not exercise this power regularly, only when the case raises a question of law and appellate review of the district court's order would materially advance resolution of the litigation." *Snell v. Snell*, 2016 WY 49, ¶ 15, 374 P.3d 1236, 1240 (Wyo. 2016).

[¶20]   In *Snell*, we issued a writ because resolution of the legal issue would have either "result[ed] in a dismissal of the action or focus[ed] further proceedings upon [two distinct issues]." *Id.* at ¶ 16, 374 P.3d at 1240. We reluctantly converted an improper interlocutory appeal to a writ of review in *Stewart Title v. Tilden* because "Stewart Title present[ed] only questions of law relating to jurisdiction and Tilden's ability to state a claim upon which relief [could] be granted." *Stewart Title Guar. Co. v. Tilden*, 2005 WY 53, ¶ 7, 110 P.3d 865, 870 (Wyo. 2005). Here, review of the partial summary judgment order would not materially advance the litigation because it would only decide one element of the remaining counterclaim or CIBC's potentially reinstated claims. Reviewing the ownership claim at this stage would only limit the issues in a subsequent appeal. Therefore, we decline to convert this appeal to a writ of review.

[¶21]   We dismiss this appeal because the district court abused its discretion in finding "no just reason for delay" and certifying its partial summary judgment order as a final judgment under Rule 54(b), and we decline to convert the appeal to a writ of review.