# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 60

**APRIL TERM, A.D. 2022**

**May 13, 2022**

CIBC NATIONAL TRUST COMPANY, Executor of the Estate of Julie Anne Bell, and Trustee of the Julie Anne Bell Revocable Living Trust dated December 16, 2014, as amended and restated,

Appellant
(Plaintiff/Counter-Defendant),

v.

PATRICK LAWLER DOMINICK,

Appellee
(Defendant/Counterclaimant).

S-21-0207

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*
Paula A. Fleck of Holland & Hart LLP, Jackson, Wyoming.

*Representing Appellee:*
Erika M. Nash and Aaron J. Lyttle of Long Reimer Winegar LLP, Jackson, Wyoming. Argument by Ms. Nash.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]    Julie Ann Bell and her long-term romantic partner, Patrick Dominick, owned real property together in Teton County, Wyoming. After Ms. Bell died, her estate claimed they held the property as tenants in common, while Mr. Dominick contended they held it as joint tenants with rights of survivorship. On cross-motions for summary judgment, the district court ruled that pursuant to the doctrine of merger, it was the latter, and it granted judgment in favor of Mr. Dominick. We affirm, but on a basis different from that of the district court.

*ISSUE*

[¶2]    The dispositive issue in this case is whether the district court correctly ruled that Mr. Dominick and Ms. Bell owned their Teton County property as joint tenants with rights of survivorship rather than as tenants in common.

*FACTS*

[¶3]    On November 4, 2013, Julie Ann Bell and Patrick Dominick purchased a home in Teton County, Wyoming. That day, prior to closing on the purchase, they executed a Tenants-In-Common Agreement (TIC Agreement). The TIC Agreement began with the following recitals:

> **1**.    The Owners have, simultaneous with the execution of this Agreement, each acquired a Fifty Percent (50%) undivided interest as tenants-in-common in and to that certain real property located at [address omitted] (the "Property").
>
> **2**.    The Owners each own their respective interest in the Property as tenants-in-common, and wish to define their respective rights and responsibilities with respect to the Property, as well as terms necessary to ensure the proper and orderly management and operation of the Property during the period of the Owners' co-ownership.
>
> **3**.    The Owners each wish to establish an orderly process by which they will dissolve their interests in the Property, should one or both Owners die, breach this Agreement or otherwise wish to disengage from their co-ownership of the Property.

[¶4]    The TIC Agreement further provided:

1

**3.** **Status of Owners' Relationship.** Each Owner acknowledges that it is his/her intention to hold the Property as tenants-in-common and that they have expressly elected not to become partners, and that neither this Agreement nor any provision hereof shall be interpreted so as to impose a partnership at either law or equity upon the Owners. Accordingly, except as specifically set forth herein, no Owner shall have any liability for the debt or obligation of any other Owner.

\* \* \*

**5.** **Right of First Refusal and Sale of the Property.**

\* \* \*

**b.** **Buy-Sell Provision.** In the event that . . . the other Owner passes away, then in any such case, either Owner (including the Executor or successor-in-interest of a deceased Owner) shall have the right to dissolve the tenancy in common and compel the sale of the Property, after such Owner (the "**Dissolving Owner**") has first offered to buy the other Owner's interest in the Property . . . .

(Emphasis in original.)

[¶5] When Ms. Bell and Mr. Dominick closed on the purchase later that day, they accepted a warranty deed for the property, which described their ownership as "joint tenants with rights of survivorship." The warranty deed was recorded the next day, on November 5, 2013.

[¶6] Ms. Bell died in August 2015, and in October 2015, Mr. Dominick recorded an affidavit of survivorship. The TIC Agreement was not recorded during Ms. Bell's lifetime, but in March 2016, an attorney for her estate's executor recorded it.

[¶7] Mr. Dominick and CIBC National Trust Company, the executor of Ms. Bell's estate, disputed which document governed ownership of the property, the warranty deed or the TIC Agreement. CIBC filed for declaratory judgment that the TIC Agreement governed, and also asserted claims for breach of contract or partition. On appeal, CIBC summarized the three counts of its complaint as follows:

(1) Count 1 for declaratory judgment that [the Estate] and Mr. Dominick hold the Property as tenants-in-common; that Mr. Dominick's Affidavit of Survivorship should be stricken from the land records; and that the TIC Agreement is a valid and enforceable contract governing the parties' rights and responsibilities with respect to the Property; (2) Count II for breach of the TIC Agreement by Mr. Dominick for refusing the Estate's offer pursuant to the TIC Agreement to purchase his 50% interest in the Property, and seeking an order that Mr. Dominick specifically perform the terms of the TIC Agreement, particularly with regard to its Buy-Sell provisions; and (3) Count III, in the alternative to specific performance, that the Property be partitioned.

[¶8]    Mr. Dominick answered and counterclaimed for quiet title and slander of title. Following discovery, the parties filed cross-motions for summary judgment. In its motion, CIBC asserted that its breach of contract and partition claims depended on a determination that the TIC Agreement, rather than the warranty deed, controlled ownership of the property. It argued that as a matter of law, the TIC Agreement controlled, and it was therefore entitled to summary judgment on all its claims.

[¶9]    Mr. Dominick moved for partial summary judgment. He contended that the TIC Agreement merged with the warranty deed, and the warranty deed therefore controlled ownership of the property. He argued that pursuant to the deed's unambiguous terms, he and Ms. Bell took title as joint tenants with rights of survivorship, and he was therefore entitled to judgment as a matter of law on CIBC's claims and on his quiet title claim.

[¶10]  The district court initially granted CIBC's motion. It found that the TIC Agreement was antecedent to the deed but did not merge with it because the TIC Agreement established future obligations that were collateral to the deed. Mr. Dominick moved for reconsideration on the ground that CIBC had not asserted the collateral obligation exception, and he therefore had not had an opportunity to respond to its application. CIBC opposed Mr. Dominick's motion for reconsideration but also requested that the court revise its ruling. CIBC argued that because the TIC Agreement was an agreement between two buyers, rather than a seller and buyer, the merger doctrine did not apply and there was no need to resort to the doctrine's exceptions. It requested that the court revise its ruling to hold simply that the TIC Agreement established a tenancy in common that governed Ms. Bell's and Mr. Dominick's ownership of the property.

[¶11]  The district court granted Mr. Dominick's motion for reconsideration, vacated its earlier ruling, and granted judgment in favor of Mr. Dominick. It concluded:

33. The TIC Agreement includes no words of conveyance, nor could it since it is between co-buyers and not between the seller and the buyers. Further, at the time the TIC Agreement was executed, the co-buyers did not own the property. In this case, the deed from the seller to the two co-buyers (or grantor to grantees) conveyed property. That deed defined how title to that property is held, and that deed used the words necessary to create a joint tenancy. Wyo. Stat. § 43-1-140.

34. Under the merger doctrine, the antecedent TIC Agreement merged and was extinguished by the deed unless an exception applies. The Estate insists that the merger doctrine does not apply and thereby provided no authority to support the Court's previous position that future obligations do not merge with the deed. The Court will not continue to make the arguments that the Estate affirmatively declines to make on its own behalf.

35. The Court is certain this matter will be appealed. The Estate can renew its arguments that the antecedent agreement controls over the deed in that venue.

[¶12] The district court's order resolved all CBIC's claims and Mr. Dominick's quiet title claim, leaving only Mr. Dominick's slander of title claim to be resolved. The court then, over Mr. Dominick's objection, granted CIBC's motion to certify the partial summary judgment order as a final judgment under W.R.C.P. 54(b) and stayed proceedings on the slander of title claim pending this Court's review of the summary judgment ruling. We concluded the partial summary judgment order did not meet the standard for a final judgment under Rule 54(b) and dismissed the appeal. *CIBC Nat'l Trust Co. v. Dominick*, 2020 WY 56, ¶ 1, 462 P.3d 452, 454 (Wyo. 2020).

[¶13] On remand, the district court held a bench trial on Mr. Dominick's slander of title claim. It concluded that Mr. Dominick had not proved the elements of his claim, and entered judgment in favor of CIBC. CIBC then filed a notice of appeal from the court's earlier summary judgment ruling. Mr. Dominick did not appeal the court's ruling on his slander of title claim.

### STANDARD OF REVIEW

[¶14] "Summary judgment is 'an appropriate resolution of a declaratory judgment action' when there are no genuine issues of material fact." *Holding v. Luckinbill*, 2022 WY 10,

4

¶ 11, 503 P.3d 12, 16 (Wyo. 2022) (quoting *City of Casper v. Holloway*, 2015 WY 93, ¶ 27, 354 P.3d 65, 73 (Wyo. 2015)).

[¶15] "This Court reviews the grant of summary judgment in a declaratory judgment action in the same way it reviews all summary judgments." *Holding*, 2022 WY 10, ¶ 12, 503 P.3d at 16 (citing *Holloway*, 2015 WY 93, ¶ 28, 354 P.3d at 73). Our review is de novo, and we may affirm on any legal ground appearing in the record. *Miller v. Sweetwater Cnty. Sch. Dist. # 1*, 2021 WY 134, ¶ 13, 500 P.3d 242, 246 (Wyo. 2021) (citing *James v. James*, 2021 WY 96, ¶ 23, 493 P.3d 1258, 1264 (Wyo. 2021)).

## *DISCUSSION*

[¶16] CIBC did not contend below, and has not argued on appeal, that the TIC Agreement obligated Ms. Bell and Mr. Dominick to convert their joint tenancy interests under the warranty deed to a tenancy in common. CIBC's sole position has instead been that the TIC Agreement governed the parties' title, and that the agreement, in and of itself, created a tenancy in common. Specifically, CIBC argues:

> The Estate claims that Ms. Bell owned a 50% tenant-in-common interest in the Property as of November 4, 2013, pursuant to the November 4, 2013 Agreement between her and Mr. Dominick (the "TIC Agreement"), as co-buyers of the Property, and that the Estate succeeded to Ms. Bell's tenant-in-common interest upon her death in August 2015. Mr. Dominick claims that he became sole owner of the Property upon Ms. Bell's death because the Deed, dated the same day as the TIC Agreement, conveyed the Property, from the seller to the two co-buyers, Ms. Bell and Mr. Dominick, as "joint tenants with rights of survivorship." The overarching issue in the case is whether the TIC Agreement or the Deed controls as to the parties' ownership interests in the Property.

[¶17] The only question before this Court is therefore whether the TIC Agreement created a tenancy in common that governed Ms. Bell's and Mr. Dominick's ownership interests in the property. We do not address whether the agreement obligated the parties to convert their interests under the warranty deed, or, if it did, whether such an obligation could have survived the death of Ms. Bell.

[¶18] The warranty deed granted Ms. Bell and Mr. Dominick the disputed property as joint tenants with rights of survivorship, and the district court determined that the TIC Agreement merged with that deed. It thus concluded that Ms. Bell and Mr. Dominick held the property as joint tenants and not as tenants in common. CIBC argues that because the TIC Agreement was between co-buyers rather than between a buyer and seller, the merger

5

doctrine does not apply. It thus contends that the district court erred in holding both that the warranty deed governed title and that Ms. Bell and Mr. Dominick held the property as joint tenants.

[¶19] CIBC's argument presupposes that if the merger doctrine did not apply, the TIC Agreement would have created a tenancy in common. We agree with Mr. Dominick that that is not the case. As a matter of law, the TIC Agreement did not create a tenancy in common.

[¶20] A tenancy in common is a form of property ownership

> generally defined as the holding of property by several persons by several and distinct titles, with unity of possession only. Stated another way, a tenancy in common is a form of ownership in which each cotenant owns a separate fractional share of undivided property. Each cotenant's title is held independently of the other cotenants.

*Halling v. Yovanovich*, 2017 WY 28, ¶ 15, 391 P.3d 611, 617 (Wyo. 2017) (quoting 86 C.J.S. *Tenancy in Common* § 1 (February 2017 update)).

[¶21] Property ownership of any form, including a joint tenancy, may be acquired only through a conveyance. 23 Am. Jur. 2d *Deeds* § 13 (May 2022 update) ("In order to transfer title, an instrument must contain apt words of grant which manifest the grantor's intent to make a present conveyance of the land . . . .") (footnote omitted). We explained this requirement in *Mullinnix LLC v. HKB Royalty Trust*, 2006 WY 14, ¶ 31, 126 P.3d 909, 922 (Wyo. 2006). In that case, Mullinnix purchased mineral rights from the Rothwells. *Id.* at ¶ 7, 126 P.3d at 915. After a title search, Mullinnix discovered that the Rothwells had previously conveyed part of their property to another party, the Parnells, in a manner that Mullinnix feared would create an ambiguity concerning its newly acquired mineral rights. *Id.* at ¶ 8, 126 P.3d at 915. The Parnells agreed to sign a document entitled "Declaration of Interest," which purported to clarify and limit the mineral interests the Rothwells had granted them. *Id.* We upheld the district court's refusal to recognize the declaration as defining the Rothwells' and Parnells' respective mineral interests.

> We agree with the district court's conclusion that, pursuant to its plain language, the Declaration of Interest did not affect the parties' interests in the mineral estate. It was signed only by the Parnells, who were the grantees in the original deed, so it could not modify the interests transferred and/or reserved in the original deed. Furthermore, the Declaration of Interest did not contain words of conveyance indicating the Parnells were relinquishing or conveying any interest they held to the

6

Rothwells or Mullinnix. Although no particular words are required to convey real property, the language of the document must indicate a specific intention to convey the property. *See DeWitt v. Balben*, 718 P.2d 854, 860 (Wyo.1986). There were no such words of conveyance included in the Declaration of Interest. Consequently, the declaration failed to modify legal title to the property.

*Id.* at ¶ 31, 126 P.3d at 922.

[¶22]   Similarly, in this case, the TIC Agreement contained no words of conveyance and was not signed by the grantor. This is of course not surprising since neither Ms. Bell nor Mr. Dominick owned the property when they executed the TIC Agreement. *See* 23 Am. Jur. 2d *Deeds* § 7 (May 2022 update) ("One who does not hold title to property cannot pass or transfer title to that property.") (footnote omitted). The TIC Agreement was no more than an executory contract, outlining Ms. Bell's and Mr. Dominick's obligations to each other regarding the property. *Bentley v. Dir. of Off. of State Lands & Invs.*, 2007 WY 94, ¶ 21, 160 P.3d 1109, 1116 (Wyo. 2007) ("A contract is executory 'where something remains to be done by one or more of the parties[.]'") (quoting *State Highway Comm'n v. Rollins*, 471 P.2d 324, 327 (Wyo. 1970)). Whatever obligations the TIC Agreement may have created between the parties, it could not and did not affect title to the property by creating a tenancy in common. This is true even though it was written in anticipation of the property's purchase. *See Bentley*, 2007 WY 94, ¶ 43, 160 P.3d at 1121 ("We accept that the Bentleys, who were paying valuable consideration and expecting a conveyance of Section 16, were 'purchasers' within the meaning of the recording act. However, they did not receive a conveyance to Section 16 until they received the patent.") (citing Wyo. Stat. Ann. §§ 34-1-101, 102 (LexisNexis 2005)).

[¶23]   The warranty deed granted the disputed property to Ms. Bell and Mr. Dominick as joint tenants with rights of survivorship, and CIBC has not asserted any ambiguity in the deed or disputed that it was a conveyance signed by the grantor. Thus, not only did the TIC Agreement not create a tenancy in common, its terms also could not be used to alter or supplement the terms of the warranty deed. *See Redland v. Redland*, 2015 WY 31, ¶ 22, 346 P.3d 857, 867 (Wyo. 2015) ("[T]he function of the parol evidence rule is to prevent parties from supplementing or contradicting the terms of the contract.") (quoting *Mullinnix*, 2006 WY 14, ¶ 25, 126 P.3d at 920); *see also Bixler v. Oro Mgmt., LLC*, 2004 WY 29, ¶ 21, 86 P.3d 843, 850 (Wyo. 2004) ("No parol evidence can be considered to determine what property rights were granted because the deed provides the answer.").

[¶24]   Because the TIC Agreement did not create a tenancy in common and its terms could not be used to alter or supplement the warranty deed, the district court correctly held that pursuant to the terms of deed, Ms. Bell and Mr. Dominick held the property as joint tenants with rights of survivorship. Having upheld the court's ruling on this basis, we need not

address the additional question of whether the merger doctrine applies to agreements between co-buyers as well as those between sellers and buyers.[1]

[¶25]   Affirmed.

---

[1] The parties disagree as to whether this Court has already held that the merger doctrine applies to agreements between co-buyers. *See Bixler*, 2004 WY 29, ¶¶ 13-15, 86 P.3d at 848-49.